ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA  90405
(310) 399-3259
(310) 392-9029

BONNIE HANNAN
1301 New York Ave., NW
5th Floor
Washington, D.C. 20530
(202) 307-0523
(202) 307-2217


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IRA ISAACS, )<br>)<br>Defendant. ) | **CR-07-732-GHK**<br><br>**JOINT STATUS REPORT** |

     Comes Now, Bonnie Hannan, Trial Attorney, Criminal
Division, United States Department of Justice, and Roger Jon
Diamond, Attorney for the Defendant, to file this Joint Status
Report.  On June 28, 2010 the United States Supreme Court denied
defendant's petition for a writ of certiorari.  The case was
then set for a status hearing before the Honorable George H.
King on August 2, 2010. The posture of the case is as follows:

1

1    1.   The case is currently set for trial February 8, 2011;

2    a pretrial conference is set for January 31, 2011 and a <u>Daubert</u>

3    hearing is set for January 25, 26, and 27, 2011.   The parties

4    agree to a motions deadline of October 22, 2010, with two weeks

5    for a response (November 5, 2010), and one week for a reply

6    (November 12, 2010). The parties agree to have motions heard

7    January 24, 2010.

8    2.   The only remaining counts of the indictment are counts

9    one, two, three and five.   All other counts have been dismissed

10   by the government.

11   3. All proposed voir dire questions have previously been

12   submitted by the parties. (Please see Document 50 filed by the

13   Government March 7, 2008, and Document 47 filed by the Defendant

14   March 4, 2008). Additionally, a proposed introductory statement

15   with an attached juror questionnaire was jointly filed by the

16   parties on February 18, 2008. (See Document 39).   A joint

17   proposed introductory instruction was filed by the parties on

18   February 18, 2008. The parties did not agree on all of the

19   language in the proposed introductory instruction and noted the

20   disputed language in footnote 1 of the document.(See Document

21   40). The parties request an opportunity to discuss with the

22   court pretrial which, if any, of these proposed voir dire

23   questions will be used, and whether the proposed questionnaire,

24   introductory statement and introductory instruction will be

25   used.

4. All proposed jury instructions and a proposed verdict form have previously been submitted by the parties. (See Documents 36 and 37).  The disputed jury instructions, with argument, were filed in Document 38 on February 18, 2008. The parties request permission to re-submit the proposed jury instructions and verdict form some time prior to trial to reflect that only counts 1, 2, 3, and 5 of the indictment remain.

5.  The parties agree that the factual and evidentiary stipulations in effect at the previous trial will remain in effect.  Specifically, during the first trial, the parties agreed in writing to the facts surrounding the first two DVD purchases made in this case and to the corresponding exhibits to be admitted into evidence.  This is reflected in government's exhibit number 24, which was executed on February 11, 2008, and admitted into evidence during the first trial.  (See attachment 1).  The parties agree that this stipulation will remain in effect.  The government has re-typed this document to simply reflect the new prosecutor's name.  Defendant agrees to sign this document and have it entered as an exhibit in the upcoming trial.

6.  Additionally, the stipulation regarding forfeiture will likewise remain in effect.  This stipulation is reflected in exhibit 25, which was executed February 11, 2008. (See attachment 2.)

7.  The parties agree that all business records entered into evidence during the first trial without custodians of records being called will likewise be entered into evidence during the next trial without the government having to call custodians of records.  Specifically, the parties agree that the government will enter business records from the following businesses without objection: Intercosmos Media Group, Planet Internet Services, Network Solutions, Wild West Domain, and United Parcel Service.

8.  The government requests permission to submit an updated witness and exhibit list prior to trial.

9.  The government does not object to the defendant being called as an expert witness on the issue of art, as he has been previously qualified to do so at a Daubert hearing.  The government does, however, object to many items of evidence listed by the defendant in a trial notebook submitted to the prosecutor during the June 2008 trial.  The defendant has 58 items of evidence listed on his exhibit list. (See attachment 3, Defendant's proposed exhibit list).  Regarding those items, the government's position is as follows:

Items 1-12: the government is willing to stipulate to the defendant's qualifications as an artist and as such suggests that it is unnecessary to admit these items into evidence.

Items 13A,14A-B,16, 19A-C,20, 21A, 22A-B, 23A-C, 24, 26A-B, 27A-E, 28A-B, 29, 35A-K, 36A-C, 37A-N, 38A-D, 39, 40, 41, 42A-B,

43A-J, 44A-D, 45A-D, 46A-B, 47A-B, 49A-B, 50, 51: Both parties agree these items constitute inadmissible hearsay, and these items will be withdrawn.

Items 13B-C, 15, 17, 18, 19D, 21B, 23D, 53, 54, 55,56,57A-G: The government objects to these items of evidence on numerous grounds, including but not limited to the fact that they are irrelevant, confusing and an indirect attempt to admit comparable materials, when in fact, these materials are not comparable and do not meet the criteria for admissibility.  The government requests an opportunity to brief and argue these issues.

Items 30, 31, 32, 34,: The government objects to these items of evidence on numerous grounds, including but not limited to the fact that they contain inadmissible hearsay, are irrelevant, confusing, misleading and an indirect attempt to admit comparable materials, when in fact, these materials are not comparable and do not meet the criteria for admissibility. The government requests an opportunity to brief and argue these issues.

Item 52: The government and defense agree that the commentary provided by the defendant on this DVD is inadmissible hearsay.  The government further objects to the admissibility of this item of evidence on numerous grounds, including but not limited to the fact that it is irrelevant, confusing, misleading and an indirect attempt to admit comparable materials, when in

fact, this material is not comparable and does not meet the criteria for admissibility.  The government requests an opportunity to brief and argue these issues.

Item 58: The government objects to this evidence as inadmissible hearsay and requests an opportunity to brief and argue this issue.

10.  The defense has listed Trey Parker as an additional expert witness on the issue of art.  The government requests a Daubert hearing to test the reliability and relevancy of this witness's testimony.

11.  The government and defense stipulate that Dr. Mohan Nair may be called as an expert witness on the issue of whether or not the material in question has serious scientific value. Dr. Nair was previously qualified as an expert at a Daubert hearing held May 6, 2008. The government does not, however, stipulate that all of his testimony at the Daubert hearing would be relevant or admissible at trial.  For example, Dr. Nair testified extensively about linking the increase in availability of pornographic materials to an alleged decrease in the incidence of rape.  The government objects to the admissibility of this testimony.

12. The defense has already stipulated to and continues to stipulate to the government calling Dr. MaryAnn Layden on the issue of whether or not the material in question has serious scientific value and on the issue of paraphilias. The defense

stipulates that she is qualified as an expert to testify on these matters.  The parties further agree that the government may also use Dr. Layden's testimony to rebut Dr. Nair's testimony.

13.  The government and defense disagree on whether the jury should be instructed to apply local contemporary community standards when deciding the issue of obscenity, or whether it should be instructed to apply national contemporary community standards in light of the <u>United States v. Kilbride</u> decision. <u>Kilbride</u>, 584 F. 3d 1240(9th Cir. 2009). The government asserts that local contemporary community standards of the Central District of California still apply, while the defense asserts that national standards apply.  The parties request permission to brief the issue and argue it pre-trial.

Respectfully Submitted,

_____/s/_____
Roger Jon Diamond
On Behalf of Defendant
Ira Isaacs

____/s/_____
By: Bonnie Hannan
Of The Department of Justice
On Behalf of the Government

1

## CERTIFICATE OF SERVICE

2

3   I, Bonnie Hannan, Trial Attorney with the United States

4   Department of Justice, Criminal Division, hereby certify that

5   the foregoing Joint Status Report filed on August 11, 2010 by

6   CM/ECF which will send electronic copies to counsel for the

7   defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica,

8   California 90405 and was also mailed first-class, postage pre-

9   paid to Roger Jon Diamond, 2115 Main Street, Santa Monica,

10  California 90405 on August 11, 2010.

11

12

13                          _____/s/_____

14                          Bonnie Hannan

15

16

17

18

19

20

21

22

23

24

25