ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA  90405
(310) 399-3259
(310) 392-9029

BONNIE HANNAN
1301 New York Ave., NW
5th Floor
Washington, D.C. 20530
(202) 307-0523
(202) 307-2217

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>IRA ISAACS, )<br><br>Defendant. ) | **CR-07-732-GHK**<br><br>**JOINT STIPULATION REGARDING EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT** |

    Comes Now, Bonnie Hannan, Trial Attorney, Criminal
Division, United States Department of Justice, and Roger
Jon Diamond, Attorney for the Defendant, to file this Joint
Stipulation Regarding Excludable Time Under the Speedy
Trial Act.  The parties agree that all time from August 2,
2010 until the trial date of February 8, 2010 is excludable
time for purposes of the Speedy Trial Act.  At an August 2,
2010 status conference before the Honorable George H. King,
defense counsel requested the trial in this matter be

continued past the seventy day speedy trial date of September 7, 2010.

This case ended in mistrial on June 13, 2008 before the Honorable Alex Kozinski. Following the mistrial, the case was transferred back to the original trial judge in this matter, the Honorable George H. King, who subsequently denied defendant's motion to dismiss indictment with prejudice.  The defendant then took an appeal to the United States Court of Appeals for the Ninth Circuit.  The Court of Appeals affirmed Judge King's order denying the motion to dismiss indictment.  This order was entered December 22, 2009.  On February 3, 2010, the Court of Appeals denied defendant's petition for rehearing en banc. The defendant then petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 28, 2010.

Pursuant to 18 U.S.C. § 3161 (e), the defendant should be tried again within 70 days from the date the action occasioning the retrial becomes final, which may be extended to up to 180 days under certain circumstances. However, the periods of delay enumerated in section 3161 (h) are excluded in computing the time limitations in section 3161 (e).

Pursuant to 18 U.S.C. § 3161 (h)(7)(A), defense counsel requested a continuance of the trial in order to adequately prepare and call expert witnesses.  The parties

2

agree that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  This case has been idle while pending appeal for more than two years.  The defense needs time to adequately prepare for trial again and secure witnesses. Furthermore, given the unusual and complex nature of obscenity cases and the novel questions of fact and law, additional time is needed to not only prepare for trial but to prepare for additional pre-trial motions.  As such, all time from the date the defense requested a motion to continue, which was August 2, 2010, to the trial date of February 8, 2011, should be excludable time pursuant to 18 U.S.C. § 3161 (h)(7)(B)(ii)and 18 U.S.C. § 3161 (h)(7)(A).

Respectfully Submitted,

_____/s/_____
Roger Jon Diamond
On Behalf of Defendant
Ira Isaacs

_____/s/_____
Bonnie Hannan
Of The Department of Justice
On Behalf of the Government

## CERTIFICATE OF SERVICE

I, Bonnie Hannan, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Joint Stipulation Regarding Excludable Time Under the Speedy Trial Act filed on August 11, 2010 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 and was also mailed first-class, postage pre-paid to Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 on August 11, 2010.

_____/s/_____

Bonnie Hannan