Brent D. Ward
Director, Obscenity Prosecution Task Force
United States Department of Justice

Bonnie Hannan
Trial Attorney
United States Department of Justice
1301 New York Avenue, NW
Suite 500
Washington, D.C. 20530
Telephone (202) 353-8855
Bonnie.Hannan@usdoj.gov

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>IRA ISAACS,<br><br>dba "Stolen Car Films,"<br>dba "LA Media,"<br><br>     Defendant. | NO. CR-07-732-GHK<br><br>**GOVERNMENT'S MOTION TO REQUEST PRETRIAL DETERMINATION OF STANDARD TO BE APPLIED IN LIGHT OF KILBRIDE DECISION** |

The United States of America, by and through Bonnie Hannan, Trial Attorney, United States Department of Justice, Criminal Division, requests a pretrial determination of whether or not a local community standard or a national standard should be applied by a jury in determining the issue of obscenity in light of United States v. Kilbride, 584 F.3d 1240 (9th Cir. 2009), decided since this case ended in a mistrial. It is important that this issue be decided pre-trial, as it could affect many aspects of the trial from opening statements through closing statements and jury instructions. The tactical decisions made by both sides regarding how the case is tried will be largely impacted by the decision this Court makes regarding the standard to be applied.

## **Procedural History of the Case**

On July 24, 2007, the Government filed an eight count indictment against the defendant.  Since that time, counts four, six, seven and eight have been dismissed by the Government.  The defendant is presently charged with three counts of Production and Transportation of Obscene Matters for Sale or Distribution, in violation of 18 U.S.C. § 1465 (counts one through three of the Indictment) and one count of Importation or Transportation of Obscene Matters, in violation of 18 U.S.C. § 1462 (count five of the Indictment).  On January 23, 2008, the parties filed a "Joint Consolidated Filing Containing Pretrial Motions and Memoranda of Law." (See Document 28).  Contained in that filing was defendant's Motion to Dismiss Case.  In sum, defendant claimed that the obscenity statutes charged were unconstitutional both as applied and on their face.  The defendant also filed an additional motion to dismiss, claiming that the obscenity statutes improperly delegate legislative authority to the executive branch. (See Document 28). He further argued that with the advent of the Internet, the "community" is no longer "a limited, federal district, but is, perhaps, the entire world." [1]  Defendant seemed to be arguing in favor of something other than a local, community standard. The government responded by filing an opposition motion. (See Document 31). In its motion, the government argued that "a jury's determination of obscenity is to be based upon a community standard consistent with the

---

[1] *See* Defendant's Motion Number 29 at p. 7.

2

1    jurors' knowledge of the community or vicinage from which they come...

2    not a global or national standard based upon the internet." [2]

3       The Honorable George H. King heard oral argument on the motions

4 on February 11, 2008 and denied Defendant's motion to dismiss. On

5 March 14, 2008, an order was entered transferring the case to Judge

6 Alex Kozinski for all further proceedings.  Trial began on June 9,

7 2008 with Judge Kozinski presiding and ended in a mistrial on June 13,

8 2008.  The case was subsequently transferred back to Judge King on

9 June 13, 2008. Defendant filed a motion to dismiss based on double

10 jeopardy grounds on July 25, 2008 which was heard by Judge King on

11 September 8, 2008 and denied on September 19, 2008.  The case was

12 appealed to the Ninth Circuit Court of Appeals. On December 22, 2009,

13 the Court of Appeals upheld Judge King's denial of Defendant's motion

14 to dismiss.  On June 28, 2010, the United States Supreme Court denied

15 defendant's petition for certiorari.  While an appeal was pending in

16 this case, the Ninth Circuit Court of Appeals decided <u>United States</u>

17 <u>v. Kilbride</u>, 584 F.3d 1240 (9th Cir. 2009), holding that a "national

18 standard" should apply in internet obscenity cases. The instant case

19 is currently set for trial on February 9, 2011.

20                         **STATEMENT OF FACTS**

21       On May 11, 2004, FBI Special Agent Mark Hunter used an undercover

22 credit card and purchased the movie "Gang Bang Horse, 'Pony Sex Game'"

23 from the internet website www.scatmovies.com. This movie was purchased

24 via the Internet in California from Defendant Ira Isaacs' California-

25

26      [2] *See* Government's Memorandum in Opposition to Defendant's Motion, Document 31 at p. 9, quoting *Hamling v. United States*, 418

27 U.S.87, 104 (1974) and *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 583 (2002).

28                         3

1  based business "LA Media" and it was delivered from "LA Media" to an
2  undercover address in California by United Parcel Service.

3      On July 26, 2006, FBI Special Agent William McDermott used an
4  undercover credit card and purchased the movie "Mako's First Time
5  Scat" from the internet website www.scatmovies.com.  This movie was
6  purchased via the Internet in California from Defendant's business "LA
7  Media" and it was delivered from "LA Media" to an undercover address
8  in California by United Parcel Service.

9      On October 20, 2006, FBI Special Agent James Myrick used an
10  undercover credit card and purchased the movie "Hollywood Scat
11  Amateurs No. 7" from the internet website "www.stolencarfilms.com."
12  This movie was purchased via the Internet in Virginia from Defendant's
13  business "LA Media" and it was delivered to an undercover address in
14  Virginia from "LA Media" by United Parcel Service.

15                              **Argument**

16      In light of the Ninth Circuit Court of Appeals decision in
17  United States v. Kilbride, 584 F.3d 1240 (9th Cir. 2009), the
18  Government seeks a pre-trial ruling on the issue of whether or not
19  a local community standard or a national community standard should
20  apply in this obscenity case.  The Government's position is that
21  the Kilbride decision is inapplicable in this case as it is
22  factually distinguishable, and that any request that a national
23  standard be applied should continue to be denied. In the seminal
24  case of Miller v. California, 413 U.S. 15, 24 (1973), the Supreme
25  Court enunciated a three-prong test to be applied when determining
26  whether or not material is obscene: (1) whether the average person,
27  applying contemporary community standards, would find that the

28                                   4

material, taken as a whole, appeals to the prurient interest; (2) whether the average person, applying contemporary community standards, would find that the material depicts or describes sexual conduct in a patently offensive manner; and (3) whether a reasonable person, viewing the material as a whole, would find that the material lacks serious literary, artistic, political or scientific value. Miller, 413 U.S. at 24. The Supreme Court in Miller adopted the concept of "contemporary community standards" because it determined that use of a national standard for obscenity would be "an exercise in futility" given the size and diversity of the United States. Miller, 413 U.S. at 30, 33-34. Thus, juries are required to judge the allegedly obscene material based upon what is accepted and decent in their own local communities. Id. at 30-31. As the Court in Miller observed, "[i]t is neither realistic nor constitutionally sound to read the First Amendment as requiring that the people of Maine or Mississippi accept public depiction of conduct found tolerable in Las Vegas, or New York City." 413 U.S. at 32. This application of local community standards was reaffirmed in Ashcroft v. American Civil Liberties Union, 535 U.S. 564,581 (2002) which held that the advent of the Internet has not altered the viability of the "community standards" test that must be used to determine whether material is obscene. The Supreme Court held that federal obscenity statutes are constitutional even though distributors of allegedly obscene material "may be subjected to varying community standards in the various federal judicial districts into which they transmit materials." Ashcroft, 533 U.S. at 581, quoting Hamling v. United States, 418 U.S. 87, 106 (1974).

5

The Supreme Court further held that its community standards
jurisprudence applied to the Internet  and did not require
adopting a different approach than that set forth in Hamling and
Sable.  Ashcroft, 535 U.S. at 583.

The Court of Appeals in Kilbride took a different view of
Ashcroft's applicability to Internet cases.  The Ninth Circuit held
that speech disseminated via email is distinguishable from speech
disseminated via regular mail or telephone because there is no
means to control where geographically the message will be received.
Kilbride, 584 F.3d at 1251.  As such, it held that when speech is
delivered via email, juries should be instructed to apply a
national community standard.  Id.  In the instant case, the
materials in question were not sent via email or the internet, but
rather were delivered in interstate commerce via a common carrier,
the United Parcel Service.  Obviously, the defendant had the means
and did control where the films in question were delivered and
received.  Additionally, the defendant in the instant case is being
prosecuted where the materials were mailed from, not where they
were mailed to.

In Kilbride, an Arizona case, the defendants Kilbride and
Schaffer ran a bulk e-mail advertising business, first from
computer servers in Arizona and later by using overseas servers in
the Netherlands.  Id. at 1244.  The basic operation consisted of
sending spam messages to millions of e-mail addresses and
falsifying key information to avoid anti-spam filters employed by
Internet service providers. Id. at 1244-45.  When recipients opened
the messages, pornographic images would appear as part of

advertisements for adult websites, which would pay the defendants a commission if the recipients followed the link to the websites and spent money. Id. at 1244. Two of the images were sexually explicit and led to the obscenity charges.  Id.

Both defendants were charged, among other offenses, with two counts of violating 18 U.S.C. § 1462 (transporting obscene materials in interstate commerce) and two counts of violating 18 U.S.C. § 1465 (transporting obscene materials for sale or distribution.) Id. at 1245. The defendants did not request that the jury be instructed to apply a "national" community standard in defining obscenity. Id. at 1250.  Both defendants were convicted on the four obscenity counts and other charges. Id. at 1244.

On appeal, the Court found that the district court's jury instructions defining obscenity were error, but that it was not plain error, and thus it was not reversible error. Id. at 1255. The Court of Appeals based its decision on what it called the "fractured decision" in Ashcroft v. ACLU, 535 U.S. 564 (2002). Kilbride, 584 F.3d at 1252. Observing that there was no majority opinion in Ashcroft on the question of which community standard applied to the statute at issue there, the Kilbride Court reasoned that the Supreme Court's judgment in Ashcroft turned on "the constitutional concerns generated by application of a national and local community standards." Id. at 1254.  And because "five Justices concurring in the judgment" believed that applying a national community standard to Internet communications was less likely to pose constitutional problems, the Court of Appeals in Kilbride decided "to join Justices O'Connor and Breyer in holding

7

that a national community standard must be applied in regulating obscene speech on the Internet, including obscenity disseminated via email." Id. No relief was warranted, the Court ultimately concluded, because the failure to give a national-standard instruction was not "clear and obvious" prior to the Court's decision and was therefore not "plain." Id. at 1255.

The Government asserts that the Ninth Circuit held incorrectly that a national standard must apply in Internet cases, but recognizes that this decision is presently controlling in the Ninth Circuit. See Agostini v. Felton, 521 U.S. 203, 237 (1997). However, the Government further asserts that the instant case is factually distinguishable from the Kilbride case and that the Kilbride decision is inapplicable. The decision in Kilbride turned on the issue of whether or not speech disseminated via email is distinguishable from speech disseminated in other ways such as through the mail or by telephone. Kilbride, 584 F.3d at 1251-52. The Kilbride court found that it was. However, the Court also acknowledged that existing Supreme Court precedent affirming use of local community standards in cases where regular mail or the telephone is used is indeed proper. Id. Specifically, the Court recognized that in the non-internet case of Sable Communications of California, Inc. FCC, 492 U.S. 115, 124-26,(1989), the Supreme Court, relying on its decision in Hamling v. United States, 418 U.S. 87 (1974), "reaffirmed that the relevant contemporary community standards for defining obscenity under federal laws were not that of the national community and that the burden thereby placed on distributors of complying with varying local standards

8

did not violate the First Amendment." <u>Kilbride</u>, at 1251, quoting <u>Sable</u>, at 124-26. In <u>Sable</u>, (a case involving obscene telephone recordings) the Supreme Court noted that the appellant was free to tailor its messages to the communities it chose to serve and that if the appellant chose to serve different communities with different standards, it was up to the appellant to comply with those standards. <u>Sable</u>, 492 U.S. at 125-26.  The <u>Kilbride</u> Court seemed to acknowledge that in cases where speech is disseminated via regular mail or telephone, the proper standard to apply in federal obscenity cases is a local community standard because the sender has a means to control where, geographically, the speech is sent. <u>Kilbride</u>, 584 F.3d at 1251. However, in Internet cases, the Court reasoned that there is no such way to control where the speech is sent, and thus, the applicable standard should be a national standard. <u>Id.</u>

The instant case is not an internet case, but rather a case where packages were sent through interstate commerce via the United Parcel Service. Even though the defendant advertised the movies he sold on the Internet, the movies charged in this case were all sent by the defendant via a common carrier.  As such, the defendant had complete control as to where the items were being sent. His control is evidenced by the fact that the materials in question were addressed to undercover agents and sent in packages via the United Parcel Service. Additionally, unlike the <u>Kilbride</u> case, the defendant in the instant case is being prosecuted in the place where he runs his business - in the Central District of California. The defendant cannot claim that by sending his material to a

9

different community he is subjected to different community
standards because he is being prosecuted in the jurisdiction from
which he sent the material.  He should at least be familiar with
the standards in his own community.  Kilbride has no application to
this case. Existing Supreme Court precedent calls for the
application of local community standards in this case and rejects
the notion of creating a national community standard. Miller, 413
U.S. at 30-32; Hamling v. United States, 418 U.S. at 105-06; Sable
Communications of Cal. Inc. v. FCC, 492 U.S. at 12-25; Kaplan v.
California, 413 U.S. 115, 119 (1973).


Respectfully submitted,



October 13, 2010                    S/ Bonnie Hannan
DATE

                                    BONNIE HANNAN
                                    Trial Attorney
                                    Obscenity Prosecution Task Force
                                    United States Department of Justice

10

**<u>CERTIFICATE OF SERVICE</u>**


I hereby certify that a copy of the foregoing Motion to Request Pretrial Determination of Standard to be Applied in Light of <u>Kilbride</u> Decision filed on October 13, 2010 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 was also mailed first-class, postage pre-paid to Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405.


<u>S/ Bonnie Hannan</u>
BONNIE HANNAN
Trial Attorney
Obscenity Prosecution Task Force
United States Department of Justice

11