ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA  90405
(310) 399-3259
(310) 392-9029

BONNIE HANNAN
1301 New York Ave., NW
5th Floor
Washington, D.C. 20530
(202) 307-0523
(202) 307-2217

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CR-07-732-GHK |
| vs. | ) **JOINT STATUS REPORT REGARDING** |
| IRA ISAACS, | ) **THE USE OF EXPERT TESTIMONY** |
| Defendant. | ) |

Comes Now, Bonnie Hannan, Trial Attorney, Criminal Division, United States Department of Justice, and Roger Jon Diamond, Attorney for the Defendant, to file this Joint Status Report regarding the use of expert testimony.

**Government's proposed expert testimony of Dr. Mary Ann Layden:**

The government intends to call Dr. Mary Ann Layden as a rebuttal witness to rebut any testimony that the movies charged in this case have serious scientific value. She will testify

1

that it is not efficacious to use pornography in a therapeutic setting, and there is no support for that notion in the scientific community.  There are no peer-reviewed articles or studies which support the notion of using pornography in general or of the type charged in these films as a therapeutic tool. In her opinion, a therapist should not treat a patient who suffers from a diagnosable illness in the Diagnostic and Statistical Manual, 4th edition, with these types of movies. A therapist would not use these types of movies to help patients achieve sexual arousal, to feel at peace with themselves or to help them feel less anxious. She will testify that an increase in available pornography has produced harmful effects and has not, in fact, led to any decrease in sex crimes or sex crimes toward children. Dr. Layden has reviewed the charged movies in preparation for her testimony and will testify that they do not have serious scientific value.  She will testify as to her qualifications as a psychologist in the field of sexual trauma and sexual psycho-pathology as that field relates to pornography.

**The Defendant objects to Dr. Layden's qualifications and her proposed testimony. However, if the government stipulates to the defendant's expert witnesses, the defendant will stipulate to the government's witness.**

**Defendant's proposed testimony of Dr. Mohan Nair:**

Dr. Nair is a psychiatrist M.D with over 35 years experience, who practices in California.  He specializes in treatment for children and adults and is an expert in the treatment of paraphilia.  Dr. Nair has reviewed the charged movies in preparation for his testimony and will give testimony that the movies have serious scientific value.  The basis of his opinion is that pornography is commonly used as a sexual aid and widely used in a therapeutic environment.  Dr. Nair will testify that the viewing of sexually explicit material results in sexual arousal and that is an area of scientific study.  Dr. Nair will testify that the movies charged in this case are useful for sexual arousal, masturbatory purposes and achieving sexual intercourse and that use of these films allows people to feel less anxious, less angry and more at peace with themselves.  He will also testify that the quest for sexual arousal is a serious scientific issue and that is of great interest to science to ensure that people have satisfactory sexual lives.  Finally, Dr. Nair will testify that the increased availability of pornography has not produced any harmful effects and has led to a decrease in sex crimes and sex crimes toward children. Dr Nair will provide the methodology used and scientific studies supporting his testimony.

**Government's Objection to Dr. Nair's Testimony:**

The government objects to Dr. Nair's testimony in its entirety. Specifically, the government objects to any testimony that the charged works have serious scientific value on the grounds that the defendant has failed to meet his burden of demonstrating that the methodology underlying the opinion is reliable and would assist a jury in evaluating the serious scientific value of the charged works. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. Ltd. V. Carmichael, 526 U.S. 137 (1999), see also United States v. Stagliano, Slip Copy, 2010 WL 3119385 (D.D.C.) (District Court rejected expert witness's testimony regarding serious scientific value). Furthermore, the government objects to any testimony that does not directly relate to whether or not the charged works have serious scientific value as irrelevant. Fed. R. 402. As such, the government objects to Dr. Nair's testimony regarding the fact that pornography, in general, is commonly used as a sexual aid and widely used in a therapeutic environment, as irrelevant and not addressing the particular material charged in this case. The government objects to all testimony which does not directly address the efficacy of using the particular materials charged in a therapeutic setting or which does not directly address the serious scientific value of the materials charged. The government further objects to any testimony regarding an alleged correlation between an increase

in available pornography with an alleged decrease in sex crimes as irrelevant. Finally, the government objects to Dr. Nair's qualifications to testify as an expert on the scientific value of hard core pornography, as he has never been qualified as an expert to do so before.

**Defendant's proposed testimony of Ira Isaacs:**

Mr. Isaacs is producer and director of one of the films charged (Hollywood Scat Amateurs # 7 ), and has directed over 60 Films.

Mr. Isaacs' films try to explore the cutting edge of art by challenging Taboos, Cultural Morays  and tractional artistic views.

All 3 charged films explore the darker side of human nature and behavior as well as questioning "What is Art" as a whole.

Mr.Isaacs' films are not only about the obvious  - what you see - but also what you don't see (like the audiences reaction to the film, etc. ).

Mr. Isaacs is presently working on a gallery installation art exhibit featuring the audience reaction to one of the charged films ( HSA # 7 ).  In a closed room in the gallery, the audience watches the film, a camera records their reaction to the film in real time.  The real time reaction video is

projected on to a screen outside the viewing room for gallery patrons to see. This may be the first time an exhibit captures 2 perspectives of the same artistic event.

Mr. Isaacs' film making experience gives him insight into the 3 charged films' artistic value, due to his over 10 years experience as a film maker in the Postmodernism "Shock Art" style. Moreover, as creator and director of one of the charged films, this gives him a special insight as well.

Mr. Isaacs also has been in the traditional art world for more than 25 years producing marketing campaigns featuring fine art imagery in a commercial art setting. He and his company have produced over a 100 hand painted works to be used in a variety of commercial applications.

Mr. Isaacs graduated from the State University of New York in 1977, where he received a B.A degree in Communications arts.

Mr. Isaacs' testimony will show that "Scatological and Bestiality" narratives are legitimate and consistent ideas within the postmodern art movement.

Mr. Isaacs will give a brief history and description of postmodernism from Marcel Duchamp (circa 1917) and the Dada

movement to present day work. He will discuss Postmodernism (use of disturbing imagery) versus Modernism (aesthetically pleasing images) and the value of both and how the 3 charged films are serious works of postmodern art. Mr. Isaacs believes that to understand the serious artistic value of the 3 charged films one must understand the postmodern art period as a whole.

Some of Isaacs' exhibits illustrating postmodern work are;

1- Marcel Duchamp  : fountain  (ready made sculpture)
2- Piero Mannzoni   : Artist Shit   (Package can)
3- Kiki Smith            : Trail (sculpture)
4- Chris Ofili              : Madonna (painting)
5- Robert Rauschenberg   : White Painting (painting)
6- Ira Isaacs                  :  installation exhibit sketch

    None of the above exhibits are offered by Mr. Isaacs as comparable materials.

    None of the above works are films at all, in fact one is a bare white painting (exhibit #5).

    None of the first 5 exhibits feature a scatological or bestiality themes at all but rather, speak to an artistic genre which the 3 charged films are a part.

**Government's Objection to Defendant's Testimony:**

The government objects to the defendant's proposed testimony in its entirety. First, the government objects to the defendant's qualifications as an artist who can opine on whether or not the charged works have serious artistic value. Fed. R. Evid. 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. Ltd. V. Carmichael, 526 U.S. 137 (1999).

The government further objects that any proposed testimony which does not directly address whether or not the charged works have serious artistic value is either irrelevant or would seriously confuse or mislead the jury. Fed. R. Evid. 402, Fed. R. Evid. 403. The government objects generally to any testimony regarding "what is art" as not a reliable or helpful guide to the jury. See Paris Adult Theater I v. Slaton, 413 U.S. 49,56, n. 6 (1973)(Obscenity "is not a subject that lends itself to the traditional use of expert testimony.")

The government objects to any testimony regarding the defendant's work on a gallery art installation featuring audience reaction to one of the charged works on several grounds. First, from the brief description provided by defense counsel, it sounds like the defendant is attempting to comment on the first two prongs of the Miller test: whether the works

charged in this case appeal to the prurient interest or are patently offensive according to the community standards of the Central District of California.[1] The government objects that the basis for any opinion by the defendant regarding community standards has not been proven reliable, and is thus inadmissible under Rule 702. The government also objects because jurors can "draw on [their] own knowledge of the views of the average person in the community or vicinage from which [they] come[]." Hamling v. United States, 418 U.S. 87, 104 (1974).

The government objects that there is no basis for the defendant's opinion as to whether the materials charged have serious scientific value because he has failed to meet the burden of demonstrating that the methodology underlying his opinion is reliable and would assist a jury in evaluating the serious artistic value of the charged works.  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. Ltd. V. Carmichael, 526 U.S. 137 (1999), see also United States v. Stagliano, Slip Copy, 2010 WL 3119385 (D.D.C.) (District Court rejected expert witness's testimony regarding serious artistic value).

Finally, the government objects to any testimony regarding shock art or works not charged as a back-door way to discuss

---

[1] Miller v. California, 413 U.S. 15 (1973).

comparables, which has already been ruled on by this Court. United States v. Pinkus, 579 F.2d 1174 (9th Cir. 1978), Hamling v. United States, 418 U.S. 87, 127 (1974), Reporter's Transcript of Proceedings, Motions Calendar, February 11, 2008, p. 24.

                                      Respectfully Submitted,

                                      _____/s/_____
                                      Roger Jon Diamond
                                      On Behalf of Defendant
                                      Ira Isaacs

                                      _____/s/_____
                                      Bonnie Hannan
                                      Of The Department of Justice
                                      On Behalf of the Government

## **CERTIFICATE OF SERVICE**

I, Bonnie Hannan, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Joint Status Report Regarding The Use of Expert Testimony filed on December 14, 2010 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 and was also mailed first-class, postage pre-paid to Roger Jon

1  Diamond, 2115 Main Street, Santa Monica, California 90405 on
2  December 14, 2010.
3
4                                       ____/s/_____
5                                         Bonnie Hannan