Chantel L. Febus
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
Chantel.Febus@usdoj.gov

Michael W. Grant
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IRA ISAACS,<br><br>Defendant. | CR-07-732-GHK<br><br>**Motion to Preclude the Testimony of Dr. Mohan Nair and to Preclude the Defendant from Further Noticing Dr. Nair as an Expert Witness** |

The United States of America, by and through its undersigned attorneys, hereby submits the following Motion to Exclude the Testimony of Dr. Mohan Nair at Trial and to Preclude the Defendant from Further Noticing Dr. Nair as an Expert Witness, for failure to comply with the Court's December 22, 2005 Order. *See* Docket No. 129 (Order, dated December 22, 2010

1

Order).  For the reasons noted below, the Government also seeks clarification of the status of the *Daubert* hearing set for next Wednesday, January 19, 2011.

On November 24, 2010, this Court ordered the parties to confer and file "no later than December 22, 2010 ... a joint status report specifically addressing the expert testimony to be offered at trial."  *See* Docket No. 126.  The Court explicitly ordered the parties to "describe each expert it proposes along with the purpose that testimony will serve," as well as any objections either party may have to the proposed testimony.  *Id*.

The parties filed the Joint Status Report on December 14, 2010.  *See* Docket No. 128.  In response to the parties' joint filing, the Court ordered the parties to file "the qualifications of their proposed experts, as well as a topic-by-topic description of each proposed expert's testimony...by no later than January 12, 2011" and set a *Daubert* Hearing for January 19, 2011.  *See* Docket No. 129.

Newly assigned counsel for the Government filed notices of appearance on January 10, 2011 and January 11, 2011.  *See* Docket Nos. 130 and 131.  On January 12, 2011, the Government also filed its *Daubert* pleading addressing the admissibility of the proposed expert testimony and setting forth the qualifications and topically proposed testimony of Government rebuttal witness Dr. Mary Anne Layden.  *See* Docket No. 132.

1  On January 12, 2011, the Defendant filed a "Notice of Motion and Motion to Designate as Material Witness, Ira Isaacs." *See* Docket No. 133. The Defendant's pleading does not set forth the qualifications and proposed testimony of Dr. Nair or otherwise refer to Dr. Nair. Moreover, as to the proposed testimony of Defendant Isaacs, the Defendant's pleading purports to be a "material witness" notice, not an "expert witness" notice.

Because the Defendant failed to file a pleading setting forth the qualifications and topic-by-topic proposed testimony of Dr. Nair by January 12, 2011 ("no less than seven days prior to the hearing date") as ordered by the Court, the Defendant should be precluded from offering the testimony of Dr. Nair at trial and further precluded from noticing Dr. Nair in the future as an expert witness in this case.

Moreover, in light of the Defendant's reclassification of his own previously proposed "expert" testimony as "material witness" testimony, the Government submits that the Defendant has conceded that he is not qualified to testify as an expert witness in this case. As the Government argued in its previous filing, the Defendant is not qualified to testify as an expert regarding artistic value or any other standard set forth in the *Miller* test. The Defendant's concession is consistent with the Government's position. Moreover, because the Defendant is now proposing himself as a lay witness, *Daubert* has no application.

3

1  In light of the Defendant's failure to file its pleading of
2  qualifications and topic-by-topic proposed testimony for Dr.
3  Nair and given the Defendant's reclassification of himself as a
4  "material" witness, as opposed to an "expert" witness, the
5  Government seeks clarification regarding the status of the
6  *Daubert* hearing currently scheduled for January 19, 2011. The
7  Government notes that its proposed expert witness, Dr. Mary Anne
8  Layden, is offered only in rebuttal to the Defendant's
9  previously offered expert Dr Nair.  Because the Defendant has
10 not filed a *Daubert* pleading regarding Dr. Nair, the Government
11 seeks the clarification to avoid unnecessary travel and expense
12 by Dr. Layden.

13

14 Dated: January 14, 2011

15                                    Respectfully Submitted,
                                      _____/s/_____
16                                    Chantel L. Febus
                                      U.S. Department of Justice
17                                    Trial Attorney, Criminal
                                      Division, Child Exploitation
18                                    and Obscenity Section
                                      1400 New York Avenue, NW
19                                    Sixth Floor
                                      Washington, DC 20530
20                                    (202) 514-6715 (phone)
                                      (202) 514-1793 (fax)
21                                    Chantel.Febus@usdoj.gov

22                                    _____/s/_____
23                                    Michael W. Grant
                                      U.S. Department of Justice
24                                    Trial Attorney, Criminal
                                      Division, Child Exploitation
25                                    and Obscenity Section

4

```
                                    1400 New York Avenue, NW
                                    Sixth Floor
                                    Washington, DC 20530
                                    (202)307-1982 (phone)
                                    (202)514-1793 (fax)
                                    Michael.Grant@usdoj.gov
```

**CERTIFICATE OF SERVICE**

I, Chantel L. Febus, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Pleading regarding the admissibility of the proposed expert witnesses and the qualifications and proposed testimony of the Government's rebuttal expert witness was filed on January 12, 2011 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 and was also mailed first-class, postage pre-paid to Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 on January 14, 2011.

_____/s/_____
Chantel L. Febus
U.S. Department of Justice
Trial Attorney, Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
Chantel.Febus@usdoj.gov

Chantel L. Febus
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
Chantel.Febus@usdoj.gov

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IRA ISAACS, ) <br> ) <br> Defendant. ) | **CR-07-732-GHK** <br><br> **[Proposed] Order** |

IT IS HEREBY ORDERED that Dr. Mohan Nair is precluded from testifying at trial and Defendant Isaacs is precluded from further noticing Dr. Nair as an expert witness.

IT IS HEREBY ORDERED that Defendant Isaacs is precluded from testifying as an expert witness at trial.

Date: January __, 2011.

_____
Hon. George King, Judge
U.S. District Court