UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>IRA ISAACS,<br><br>    Defendant. | CR-07-732-GHK<br><br>**GOVERNMENT'S RESPONSE TO DEFENSE FILING OF EXHIBITS REFERENCED BY IRA ISAACS DURING DAUBERT HEARING** |

The United States of America, by and through its undersigned attorneys, hereby submits the following response to Docket No. 137 ("Exhibits Referenced by Ira Isaacs During Daubert Hearing") (hereinafter "Exhibits").

The Defendant's Exhibits were filed attendant to his testimony during the January 19, 2011 *Daubert* hearing. During that hearing, the Defendant offered himself as an expert witness on the serious artistic value of the videos charged in the instant case. With leave of the Court, the Defendant has filed 2008 and 2010 articles and entries from online blogs in support of his expert witness proffer.

It is the Government's position that none of the materials filed at Docket No. 137 support the qualification of the Defendant as an expert on the issue of serious artistic value

and that he should be deemed unqualified to testify as an expert witness at trial.

As the Government argued in its *Daubert* pleading, see Docket No. 132, and as examination during the *Daubert* hearing revealed, (1) the Defendant is not appropriately qualified on the issue of artistic value; (2) the Defendant has failed to articulate and did not employ a reliable methodology to arrive at his proffered conclusions about the movies charged against him; and (3) his proffered testimony would not assist the jury to determine any issue material to the crimes charged.  *See* Federal Rule of Evidence 702; *Daubert* v. *Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993) ("*Daubert I*"); *Daubert* v. *Merrell Dow Pharmaceuticals*, Inc., 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*")).  Thus, the Defendant has failed to meet his burden to establish his qualification under Rule 702 and the admissibility of his proffered testimony.  *See* Daubert I, 509 U.S. at 593.

The post-hearing Exhibits filed by the Defendant do not further his position.  Federal Rule of Evidence 702 makes clear that the trial judge's gate keeping function applies to expert testimony based on technical and other specialized knowledge as well as scientific testimony. *See* Fed. R. Evid. 702, Advisory Committee Note to 2000 amendment. The Supreme Court has held that where the testimony's "factual basis, data, principles, methods, or their application are called sufficiently into

question … the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert I*, 509 U.S. at 592).

The Defendant, when questioned at the *Daubert* hearing, was unable to articulate any reliable basis that supports his opinion that the charged films have serious artistic value. The only bases he offered were conclusory statements that the videos have artistic value because they have been discussed in Internet-based articles and on Internet blogs. During questioning, however, the Defendant admitted that none of the articles or blogs he referenced had been peer-reviewed or appeared in any peer-reviewed artistic journals or publications.

The Defendant's proffered Exhibits do not constitute reliable methodology for purposes of Rule 702. Rather, the Defendant's Exhibits are reports by online publications, including Filmmaker.com, Radaronline.com, the Independent Eye, boingboing.com, and Poop Report.com, that were written after the Defendant was indicted and focus on the charges against the Defendant. The Defendant's prosecution, *not* the artistic value of the charged movies, is the subject of these articles and blog posts. Post-Indictment interviews and online posts focusing on the federal prosecution do not confer serious artistic value on charged material. If that were so, then any post-indictment, pretrial publicity would obviate the third prong of the *Miller*

test. Thus, even with the addition of the Exhibits, the Defendant has failed to adequately support his expert witness proffer.

Not only has the Defendant failed to meet his burden, but his proffer as an expert witness is also belied by the general understanding that federal obscenity law "'is not a subject that lends itself to the traditional use of expert testimony.'" *United States* v. *Stagliano*, --- F.Supp.2d ----, 2010 WL 3033489 (D.D.C. 2010) (quoting *Paris Adult Theatre I* v. *Slaton*, 413 U.S. 49, 56 n.6 (1973)). Whereas expert testimony "'is usually admitted for the purpose of explaining to lay jurors what they otherwise could not understand[,] ... '[n]o such assistance is needed by jurors in obscenity cases.'" *Id*. This is especially so with respect to the issue of serious artistic value, which turns upon whether a reasonable person would find, taking the material as a whole, that it lacks serious literary, artistic, political or scientific value. *See Miller* v. *California*, 413 U.S. 15 (1973); *Smith* v. *United States*, 431 U.S. 291 (1977); *Pope* v. *Illinois*, 481 U.S. 497 (1987). Not only is the Defendant's testimony unnecessary to assist the jury in making this determination, but as the person who distributed and is charged with the videos at issue, the Defendant's testimony would amount to no more than a self-serving opinion about the determinative, legal issue of obscenity.[1]

---

[1] To the extent that the Defendant is seeking to admit comparable materials through some of his exhibits and proffered testimony, the Government has

For the foregoing reasons, the Government respectfully submits that the exhibits submitted by the defense are not relevant to the issues before this Court.

Respectfully Submitted,

_____/s/_____
Chantel L. Febus
U.S. Department of Justice
Trial Attorney, Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
Chantel.Febus@usdoj.gov

_____/s/_____
Michael W. Grant
U.S. Department of Justice
Trial Attorney, Criminal Division, Child Exploitation and Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

---

argued that the proffered materials are inadmissible under the *Womack* standard. *See* Docket No. 132. Moreover, the issue of comparables is beyond the scope of the *Daubert* issue which is directed to expert witness qualification and the admissibility of expert witness testimony.

### CERTIFICATE OF SERVICE

I, Chantel L. Febus, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Response to Defense filing of exhibits referenced by the defendant during the Daubert hearing was filed on February 16, 2011 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 and was also mailed first-class, postage pre-paid to Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405 on February 16, 2011.

```
                              _____/s/_____
                              Chantel L. Febus
                              U.S. Department of Justice
                              Trial Attorney, Criminal
                              Division, Child Exploitation
                              and Obscenity Section
                              1400 New York Avenue, NW
                              Sixth Floor
                              Washington, DC 20530
                              (202) 514-6715 (phone)
                              (202) 514-1793 (fax)
                              Chantel.Febus@usdoj.gov
```