MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IRA ISAACS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) **CR-07-732-GHK**<br>)<br>) **PARTIES PROPOSED JURY**<br>) **QUESTIONNAIRE**<br>)<br>)<br>)<br>)<br>) |

Pursuant to the Court's Order, dated March 2, 2011, Plaintiff United States of America, through the undersigned counsel, and the Defendant, Ira Isaacs, by and through his counsel of record, Roger Jon Diamond, submit the following proposed jury questionnaire questions.

1

<u>**PROPOSED QUESTIONS**</u>

**The parties stipulate to proposed questions 1-55:**

1.   Name: _____

2.   Age: _____

3.   Gender (check one): Male _____          Female _____

4.   How many years have you lived in the Central District of California (the Central District comprises the counties of Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara and Ventura)? _____

5.   List all the places (city and state only) you have lived in the last 10 years: _____

6.   Do you (check one):

   Own your own home _____

   Rent _____

   Live with parents or relatives _____

   Other (explain) _____

7.   Marital status (check one):

   Single _____

   Unmarried but Living with Significant Other _____

   Married _____

   Divorced _____

   Widow or Widower_____

8.   How many years of education have you completed? (check one):

   Less than High School _____

   High School graduate _____

Some college/voc. training _____

College graduate _____

Post graduate/professional degree _____

9.   Please list any educational institution you have attended, beginning with high school: _____

10.  Please list any major or area of specialization for any educational institution you have attended: _____

11.  Please list any and all degrees or diplomas you have received from any educational institution you have attended: _____

12.  Have you ever served in the military? _____

If so, list the branch, years of service, and rank attained: _____

13.  Which of the following categories best describes your employment status? (check one):

Employed full-time _____

Employed part-time _____

Retired _____

Disabled _____

Unemployed _____

Homemaker _____

14.  Please answer the following questions regarding your present employment. If you are retired, unemployed, a homemaker, or a student, list the same information for your most recent job.

Who is your employer?

What is your position/title?

How long have you worked for you present employer?

How long have you held your present position/title?

Describe your occupation, including whether you supervise other employees and what training you have received for your position.

15. If you are married, divorced, widowed, or living with a significant other, please answer the following questions regarding your spouse's/significant other's employment.

Who is your spouse's/significant other's employer?

What is your spouse's/significant other's position/title?

How long has your spouse/significant other worked for his/her present employer?

How long has your spouse/significant other held his/her present position/title?

Describe your spouse's/significant other's occupation, including whether he/she supervises other employees and what training he/she has received for his/her position.

16.  List the names, ages, and occupations of your children:

| Name | Age | Occupation | Living with you? |
|------|-----|------------|------------------|
|      |     |            | Y/N              |

17.  Are you now or have you ever worked in a law enforcement or
     security field (including federal, military, state, county,
     city, auxiliary, or volunteer)? _____

        If so, describe the position and dates worked: _____

18.  Is any member of your immediate family a law enforcement or
     security officer? _____

        If so, state who, what, and when: _____

19.  Have you or any member of your immediate family taken any
     course in law, received a law degree, or been employed in
     the field of law? _____

        If yes, please describe: _____

20.  Have you or any member of your immediate family taken any
     course work in any of the fields of counseling, psychiatry,
     psychology, human sexuality, social work, sociology,
     criminology, or criminal justice, or been employed in those
     fields? _____

        If yes, please describe: _____

5

21. Have you or any member of your immediate family ever been a defendant in a criminal case, a victim of a crime, or a witness to a crime? _____

    If so, please describe who, what, and when: _____

22. Have you or a member of your family ever been a party to or a witness in a criminal trial? _____

    If so, please describe who, what, and when:

23. Have you ever previously been called or selected as a juror? _____

    If so, state what court, when, and whether the case was civil or criminal: _____

    Did you reach a verdict? _____

24. Have you ever served on a Grand Jury? _____

    If so, was it in state or federal court? _____

25. What clubs or organizations do you belong to? Please list the name of the club or organization, how long you have been involved, and whether you have held any offices.

| Name of Organization | Length of Membership | Offices Held |
|---|---|---|
|  |  |  |

26. Do you regularly read a newspaper of local or national circulation? _____

    Please check below if you read any of the following newspapers at least once per month, on average.

        *Los Angeles Times*? _____

        *LA Daily News*? _____

        *Los Angeles Weekly*? _____

        *Los Angeles Reader*? _____

        *Los Angeles Downtown News*? _____

        *La Opinión*? _____

27. What other newspapers, if any, do you read and how often?

28. What are your three favorite television programs? (list three) _____

29. How many days per week, if any, do you watch the local television news? _____

30. How many days per week, if any, do you watch national news programs? _____

31. What are your favorite local and national news programs, if any? _____

32. Do you have a DVD player and/or a VCR? _____

    If yes, how many times per month do you rent DVDs and/or videos for home viewing? _____

33. Do you prefer to rent DVDs and/or videos from a national chain, such as Blockbuster or Hollywood Video, or from your neighborhood video store? _____

34. Which of the following do you own and/or subscribe to? (check all that apply):

      Cable television _____

      Satellite dish _____

      TiVo or similar personal television recorder _____

      Television game system (i.e. Playstation, Sega, Nintendo) _____

      Compact disc player _____

      Satellite radio (indicate whether Sirius or XM) _____

      On Demand television programming (i.e. Hulu, Netflix) _____

35. (a) Excluding Playboy, Penthouse, and Hustler magazines, have you ever read or seen any pornographic men's magazines?  If so, when, how often, title(s)? _____

_____

(b) Have you ever been to an adult bookstore? _____

36. What national radio talks shows, if any, do you listen to (i.e. Rush Limbaugh, Howard Stern)? How often do you listen to them? _____

37. Which local radio stations do you listen to most often? ____

38.  What magazines do you read and how often? _____

39.  Do you own and/or have access to a personal computer? ____

*If you answered yes to question 39, please answer the*
*following questions regarding your use of a personal*
*computer. If you answered no to question 39, skip to*
*question 44.*

40.  At which of the following locations do you use and/or have
     access to a personal computer? (check all that apply):

          Home _____

          Work _____

          School _____

          Library _____

          Cybercafe or other commercial location _____

          Other (please list) _____

41.  How many times per week on average do you use a personal
     computer? (check one):

          1-2 times per week _____

          3-4 times per week _____

          More than 5 times per week _____

42. At which of the following locations do you have access to the Internet? (check all that apply):

      Home _____

      Work _____

      School _____

      Library _____

      Cybercafe or other commercial location _____

      Other (please list) _____

43. How many days in the last month did you access the Internet? _____

44. Are you, any member of your family or close friend in the business of publishing, editing, manufacturing, or selling books, magazines, or newspapers? _____

      If so, explain: _____

45. Are you or is any member of your immediate family or close friend involved in a business which sells or distributes material or products over the internet? _____

46. Are you or is any member of your family or a close friend involved in the business of distributing or producing movies or videos? _____

47. Are you or is any member of your family or close friend involved in any aspect of the entertainment business? _____

*If selected, during your jury service, you may be called upon to determine whether particular items are obscene. These items will be of a sexually explicit nature and you will be required to view them in their entirety. Please answer the following questions related to a case of this nature:*

48.  Have you ever talked to other people in the Central District of California (the Central District comprises the counties of Los Angeles, Orange, Riverside, San Bernardino, San Luis Obispo, Santa Barbara and Ventura) about their opinions regarding the sale of sexually explicit material to adults?

     Yes _____

     No _____

49.  Do you have such strong beliefs or convictions about the sale or use by adults of sexually oriented materials, either in favor of or against, including magazines, video cassettes, movies, or other sexually oriented items, that you believe you could not be a fair and impartial juror in this case? (check one):

     Yes _____

     No _____

     Unsure _____

     If yes, please describe those beliefs or convictions: _____

50.  During the course of this trial, if you are selected to
     serve as a juror, you will be shown videos which depict
     sexually explicit activities so that you may determine if
     they meet the definition of obscenity. Several of the
     videos are at least one hour in length. Would you be able
     to look at depictions of explicit sexual activities as part
     of your service as a juror?

          Yes _____

          No _____

          Unsure _____

51.  During the deliberations of the jury, would you be able to
     discuss such evidence with the other members of the jury?

          Yes _____

          No _____

          Unsure _____

52.  Do you have any feelings about sexually explicit materials
     that you have not yet mentioned that might affect your
     ability to be a fair and impartial juror in this case? If
     so, please describe: _____

53. Regardless of any feelings about sexually explicit
    materials that you have, do you believe that you could lay
    those feelings aside if they conflict with the law and do
    you think you could impartially follow the law as you hear
    it from Judge?

              Yes _____

              No _____

              Unsure _____

54. Do you have such strong feelings about laws making the sale
    or distribution of obscenity illegal that you would be
    unable to serve as a fair and impartial juror in this case?

              Yes _____

              No _____

              Unsure _____

55. Do you have any family, physical, or personal problems or
    requirements that may interfere with your ability to sit as
    a juror on this case? If so, please describe: _____

13

**The Government objects to the following proposed questions**:

56. **Have you ever watched pornography?**  Government objection: This question is overly broad, vague, confusing, and redundant by not specifying the medium (e.g., Question #35(a) asks about pornographic magazines).  The Government has proposed that this question be rephrased as: "Have you ever watched pornographic movies or videos?" and be numbered as Question #35(c).

57. **Do you like to watch pornography?**  Government objection: This question is overly broad, vague, confusing, and intrusive. See United States v. Pryba, 900 F.2d 748, 757-58 (4th Cir. 1990) (affirming district court's refusal to ask questions which the court had found to be overly intrusive and noting that "It is well established that a trial court may exercise broad discretion in conducting the voir dire of the jury, and particularly in phrasing the questions to be asked.").  The Government has proposed that the question be rephrased as: "How often do you watch pornographic movies or videos?" and be numbered as Question #35(d).

58. **Have you ever watched a movie involving a woman making love to a horse**?  Government objection:  This question is both argumentative and vague, employing euphemism ("making love") to characterize sexual act(s) between a woman and a horse.  The question is also overly intrusive.  See Pryba, 900 F.2d at 757-58.  See also United States v. Guglielmi, 819 F.2d 451, 456 (4th

14

Cir. 1987) (declination by the district judge to ask the jurors about their personal reactions to specified sex acts was well within the court's discretion in prosecution for interstate transportation of obscene film), cert. denied, 484 U.S. 1019 (1988).  Furthermore, this question serves no other purpose but to attempt to frighten the jury with graphic details of what the evidence might show.  This question will not help in selecting a fair and impartial jury.

59.  **Have you ever watched a movie about a horse making love to a woman**?  Government objection:  This question is both argumentative and vague, employing euphemism ("making love") to characterize sexual act(s) between a woman and a horse.  The question is also overly intrusive.  See Pryba, 900 F.2d at 757-58; See also Guglielmi, 819 F.2d at 456.  Furthermore, this question serves no other purpose but to attempt to ascertain the advance reactions of the jurors to the issues at trial and to frighten the jury with graphic details of what the evidence might show.  This question will not help in selecting a fair and impartial jury.

60.  **Do you enjoy movies where the participants are covered in feces**?  Government objection:  Such personal preferences of prospective jurors are not relevant.  Indeed, the United States Supreme Court has admonished that jurors should be cautioned to avoid personal or private views.  See Pinkus v. United States,

436 U.S. 293, 300-01 (1978).  This question is misleading and improper because it focuses the perspective jurors on their reactions to what the evidence may be, instead of properly instructing them to place aside their own feelings and apply the "average person" and "community standards" concepts and is designed to offend certain prospective jurors in an attempt to cause them to believe they cannot be fair and therefore should excuse themselves or be excused from service.  Guglielmi, 819 F.2d at 456.  Furthermore, this question serves no other purpose but to attempt to ascertain the advance reactions of the jurors to the issues at trial and to frighten the jury with graphic details of what the evidence might show. The question is also overly intrusive.  See Pryba, 900 F.2d at 757-58.  This question will not help in selecting a fair and impartial jury.

61.   **Do you ever watch movies involving a man gagging a woman?**
Government objection:  The question is overly intrusive.  See Pryba, 900 F.2d at 757-58.  See also Guglielmi, 819 F.2d at 456. Furthermore, this question serves no other purpose but to attempt to ascertain the advance reactions of the jurors to the issues at trial and to frighten the jury with graphic details of what the evidence might show. This question will not help in selecting a fair and impartial jury.

62.   **Would you be able to watch in its entirety a lengthy movie depicting oral copulation between a horse and a woman?**

Government objection:  This question is cumulative to questions stipulated to by all parties.  This question is addressed in the statement before Question #48 ("If selected, during your jury service, you may be called upon to determine whether particular items are obscene. These items will be of a sexually explicit nature and you will be required to view them in their entirety. Please answer the following questions related to a case of this nature:"), and Question #50 ("During the course of this trial, if you are selected to serve as a juror, you will be shown videos which depict sexually explicit activities so that you may determine if they meet the definition of obscenity. Several of the videos are at least one hour in length. Would you be able to look at depictions of explicit sexual activities as part of your service as a juror?").  Those stipulated questions are in proper form because they specifically inform the perspective jurors that they will be reviewing sexually explicit material and will need to watch the material in their entirety.  <u>See</u> <u>supra</u> Questions 48 and 50.  Focusing on the specific sex acts has no purpose but to ascertain the advance reactions of the jurors to the issues at trial and to frighten the jury with graphic details of what the evidence might show. <u>See</u> <u>Guglielmi</u>, 819 F.2d at 456.

63.  **Would watching a horse ejaculate upset you?**  Government objection:  This question is misleading and improper because it

focuses the perspective jurors on their reactions to what the evidence may be, instead of properly instructing them to place aside their own feelings and apply the "average person" and "community standards" concepts and is designed to offend certain prospective jurors in an attempt to cause them to believe they cannot be fair and therefore should excuse themselves or be excused from service.  See Guglielmi, 819 F.2d at 456. Furthermore, this question serves no other purpose but to attempt to ascertain the advance reactions of the jurors to the issues at trial and to frighten the jury with graphic details of what the evidence might show.

64.   **If you are a juror in this case you will have to watch a number of pornographic movies to decide whether they meet the legal test of obscenity**.  Government objection: This statement is cumulative to the statement before Question #48 ("If selected, during your jury service, you may be called upon to determine whether particular items are obscene. These items will be of a sexually explicit nature and you will be required to view them in their entirety. Please answer the following questions related to a case of this nature:"), and to Question #50 ("During the course of this trial, if you are selected to serve as a juror, you will be shown videos which depict sexually explicit activities so that you may determine if they meet the definition of obscenity. Several of the videos are at least one

hour in length. Would you be able to look at depictions of explicit sexual activities as part of your service as a juror?") stipulated to by all parties.

65. **Do you believe in government censorship?** Government objection: This question will not help in selecting a fair and impartial jury. This question improperly focus the jurors' attention on the application of their beliefs, instead of on the application of the "average person" applying "contemporary community standards" to the case after it has been presented. Hamling v. United States, 418 U.S. 87, 139 (1974) (affirming the district court's refusal to inquire whether prospective jurors' educational, political, and religious beliefs might affect their views on the question of obscenity).

66. **Do you believe that notwithstanding the prohibition in the First Amendment to a Congress passing no law abridging the freedom of speech that Congress may abridge freedom of speech with respect to sexual matters?** Government objection: This question is argumentative and misleading. Obscene material is not protected by the First Amendment. See United States v. Miller, 413 U.S. 15, 23 (1973). This question does not elicit any useful information about the perspective jurors' qualifications to apply the obscenity standards in an objective way. Any question relating to the law of the case or concepts surrounding obscenity law are improper for the additional

reasons: (1) the obscenity test, and the concepts which make up the test, can only be considered as applied to the specific facts of the instant case, (2) the terms have technical meanings which must be defined by the Court, and (3) without correct legal definition, obscenity law is confusing and misleading. Lastly, this question is improper in that it may lead perspective jurors into looking up the law prior to being impaneled and instructed by the court.

67.   **Do you belong to any organizations that actively seek to limit the exhibition of x-rated movies?**  Government objection: This question is confusing and cumulative.  The question is already asked in Question #25 ("What clubs or organizations do you belong to? Please list the name of the club or organization, how long you have been involved, and whether you have held any offices."), stipulated to by all parties.

68.   **Do you have any religious or moral beliefs that would make it difficult for you to sit as an impartial juror when the subject is pornography?**  Government objection:  This question is vague, confusing and cumulative.  The question is already addressed in Questions #49 ("Do you have such strong beliefs or convictions about the sale or use by adults of sexually oriented materials, either in favor of or against, including magazines, video cassettes, movies, or other sexually oriented items, that you believe you could not be a fair and impartial juror in this

case?), #52 ("Do you have any feelings about sexually explicit materials that you have not yet mentioned that might affect your ability to be a fair and impartial juror in this case? If so, please describe.), #53 ("Regardless of any feelings about sexually explicit materials that you have, do you believe that you could lay those feelings aside if they conflict with the law and do you think you could impartially follow the law as you hear it from Judge?), and #54 ("Do you have such strong feelings about laws making the sale or distribution of obscenity illegal that you would be unable to serve as a fair and impartial juror in this case?").

69. **This case involves 3 motion picture films which are alleged by the government to be legally obscene. Do you have any familiarity with laws dealing with obscenity?** Government objection: This question will not help in selecting a fair and impartial jury. Jurors should not be asked voir dire questions relating to technical legal concepts of obscenity law. See Smith v. United States, 431 U.S. 291 (1977). This question does not elicit any useful information about the perspective jurors' qualifications to apply the obscenity standards in an objective way. Any question relating to the law of the case or concepts surrounding obscenity law are improper for the additional reasons: (1) the obscenity test, and the concepts which make up the test, can only be considered as applied to the specific

facts of the instant case, (2) the terms have technical meanings which must be defined by the Court, and (3) without their correct legal definition, obscenity law is confusing and misleading.  Lastly, this question is improper in that it may lead perspective jurors into looking up the law to being impaneled and instructed by the court.

70.  **If permitted to sit as a juror in this case would you be willing to watch without shutting your eyes movies in their entirety that graphically and explicitly deal with such activity as bestiality (woman and horse having sex) and movies dealing with women engaged in sexual activity that expressly involves and graphically involves feces?**  Government objection:  This question is confusing, compound, and cumulative.  This question is already asked in Question #50 ("During the course of this trial, if you are selected to serve as a juror, you will be shown videos which depict sexually explicit activities so that you may determine if they meet the definition of obscenity. Several of the videos are at least one hour in length.  Would you be able to look at depictions of explicit sexual activities as part of your service as a juror?"), stipulated to by all parties.  The question is also designed to offend prospective jurors in an attempt to cause them to believe they cannot be fair and therefore should excuse themselves or be excused from service. See Guglielmi, 819 F.2d at 456.  Furthermore, this

question serves no other purpose but to attempt to ascertain the

advance reactions of the jurors to the issues at trial and to

frighten the jury with graphic details of what the evidence

might show.

Respectfully Submitted,

_____/s/_____
ROGER JON DIAMOND
Attorney for Defendant
IRA ISAACS

_____/s/_____
DAMON A. KING
Deputy Chief
U.S. Department of Justice
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)514-1793 (fax)
Damon.king@usdoj.gov

_____/s/_____
MICHAEL W. GRANT
Trial Attorney
U.S. Department of Justice
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Parties Joint Proposed Jury Questionnaire was filed on April 15, 2011 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405.  Also, on April 15, 2011, the Government mailed a paper copy to the counsel of defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

```
_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney,
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
michael.grant@usdoj.gov
```