MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>IRA ISAACS,<br><br>　　　　Defendant. | CR-07-732-GHK<br><br>**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)** |

　　　　The United States of America, by and through its counsel, provides notice that it intends to introduce evidence concerning "other acts" of the defendant, Ira Isaacs, under Federal Rule of Evidence 404(b). Although the acts described below constitute evidence that is inextricably intertwined with the offenses charged, and evidence of these acts is therefore admissible

1

without regard to Federal Rule of Evidence 404(b),[1] the evidence is also admissible pursuant to Federal Rule of Evidence 404(b).

Therefore, the Government hereby provides notice of the following "other acts" of the defendant which the Government intends to introduce at trial:

1. The defendant provided controlled substances, including methamphetamine and marijuana, to women to get them to perform in "scat" films he produced, including films that are charged in the First Superseding Indictment. Specifically, in 2004, the defendant on numerous occasions provided methamphetamine and marijuana to the women the defendant identifies in his films as "Michelle" and "April". The defendant provided methamphetamine and marijuana to "Michelle" and "April" at his house on numerous occasions, to include during the filming of "Hollywood Scat Amateurs No. 10" (charged in Count 10 of the First Superseding Indictment).[2] Isaacs informed "Michelle" and "April" that he had the drugs in his house specifically for "the girls" who participated in his scat films, so they "can get through it." During the filming of

---

[1] The Ninth Circuit has recognized "two categories of evidence that may be considered 'inextricably intertwined' with a charged offense and therefore admitted without regard to Rule 404(b)." United States v. DeGeorge, 380 F.3d 1203, 1220 (citing United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)). Evidence of other acts may be directly admitted if either (1) the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge," or (2) the government finds it necessary in order "to offer a coherent and comprehensible story regarding the commission of the crime." Id.

[2] The defendant also filmed "April" in the "scat" film "Hollywood Scat Amateurs No. 7" charged in Counts 1, 4, 5, and 6 of the First Superseding Indictment.

2

    Hollywood Scat Amateurs No. 10, the defendant was the primary source of drugs for "Michelle" and the defendant knew that both "Michelle" and "April" were addicted to methamphetamine. The defendant provided the drugs to the women he hired, including "Michelle" and "April," in order to get the women to do what he requested in the scat films he produced and that the women participated in.[3]

2. In an effort to persuade "Michelle" to participate in a scat film, the defendant stated to "Michelle" around the time that she participated in Hollywood Scat Amateurs No. 10, that "you'll get high and make more money" and that "it isn't that bad." The defendant also stated, "There are a lot of sick folks out in the world and nobody is catering to them. I have a corner on this market. I can make these films and make millions. I can't imagine why they want it, but they do." He further stated, "It's all about making money from sick people." The defendant made these statements, or words to that effect, in or around the time of the filming of Hollywood Scat Amateurs No. 10.

3. In 2004, the defendant threatened "Michelle" that if she did not complete the scat scene (which the defendant eventually sold as Hollywood Scat Amateurs No. 10) that he would make sure that she wouldn't continue to work with anyone that she was currently working with, that she would not work for "Max Hardcore," and that she would be totally

---

[3] The Government, on or about April 12, 2011, provided the defense with a copy of a three page document which describes in detail the facts alleged herein in paragraphs 1-3.

1          blackballed from the pornography industry.  He made these
2          statements, or words to that effect, during the filming of
3          Hollywood Scat Amateurs No. 10.
4     4. The defendant, through the numerous websites he operates,
5          pandered the charged films.  The advertisements include
6          descriptions of the movies and graphic still photos from
7          the films.[4]
8     5. Defendant used various addresses to include, but not
9          limited to, "1768 Weeks Ave, Bronx, NY 10457" and "7095
10         Hollywood Blvd, No. 743, Los Angeles, CA 90028" to hide the
11         actual address and location that he was selling and
12         shipping obscene material from in Los Angeles, California.[5]
13    6. The defendant used aliases when corresponding with
14         customers and in his films, to include the names "Mike,"
15         "Mike Yesla," "Joseph K.," "Sara James," "Sara," "Ira Ira"
16         "Mick McCoy," and others.  The defendant also used alias

---

[4] See Pinkus v. United States, 436 U.S. 293, 303 (1978)(stating that "[p]andering is 'the business of purveying textual or graphic matter openly advertised to appeal to the erotic interest of their customers.'  We have held, and reaffirmed, that to aid a jury in determination of whether materials are obscene, the methods of their creation, promotion, or dissemination are relevant….[T]he touting descriptions along with the materials themselves [allowed the jury] to determine whether they were intended to appeal to the recipient's prurient interest in sex, whether they were commercial exploitation of erotica solely for the sake of their prurient appeal, if indeed the evidence admitted of any other purpose." (citations omitted)).  Id. at 303-304.

[5] See United States v. Cohen, 583 F.2d 1030, 1042 (8th Cir. 1978) ("Further, the record on this appeal is replete with evidence that appellants attempted to conceal their personal involvement in the scheme by evasive tactics such as the use of various fictitious corporate names, many changes of address filed by persons using aliases, and the use of various locations as mail drops for return mail containing orders and payments from customers.  From this the jury could infer that appellants knew that they were engaged in illegal activity.  Based on the evidence before it, the jury was entitled to conclude that appellants were well aware of the contents and nature of the obscene brochures and movie films.").

4

email addresses to include, but not limited to, "mike1768@yesla.com" and "mick@yesla.com".[6]

                                                    Respectfully Submitted,

                                                    _____/s/_____
                                                    DAMON A. KING
                                                    Deputy Chief
                                                    U.S. Department of Justice
                                                    Child Exploitation and
                                                    Obscenity Section
                                                    1400 New York Avenue, NW
                                                    Sixth Floor
                                                    Washington, DC 20530
                                                    (202)353-7304 (phone)
                                                    (202)514-1793 (fax)
                                                    Damon.king@usdoj.gov

                                                    _____/s/_____
                                                    MICHAEL W. GRANT
                                                    Trial Attorney
                                                    U.S. Department of Justice
                                                    Child Exploitation and
                                                    Obscenity Section
                                                    1400 New York Avenue, NW
                                                    Sixth Floor
                                                    Washington, DC 20530
                                                    (202)307-1982 (phone)
                                                    (202)514-1793 (fax)
                                                    Michael.Grant@usdoj.gov

---

[6] See id.

**CERTIFICATE OF SERVICE**

    I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS UNDER FEDERAL RULE OF EVIDENCE 404(b) was filed on April 25, 2011 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405.  Also, on April 25, 2011, the Government mailed a paper copy to the counsel of defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

                              _____/s/_____
                              MICHAEL W. GRANT
                              U.S. Department of Justice
                              Trial Attorney,
                              Child Exploitation and
                              Obscenity Section
                              1400 New York Avenue, NW
                              Sixth Floor
                              Washington, DC 20530
                              (202) 514-6715 (phone)
                              (202) 514-1793 (fax)
                              michael.grant@usdoj.gov