```
ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA 90405
(310) 399-3259

MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      vs.<br><br>IRA ISAACS,<br><br>           Defendant. | )<br>)<br>)<br>)<br>) **CR-07-732(A)-GHK**<br>)<br>) **JOINT STIPULATION REGARDING**<br>) **EXCLUDABLE TIME UNDER THE**<br>) **SPEEDY TRIAL ACT**<br>)<br>)<br>) |

Comes Now, Michael W. Grant, Trial Attorney, Criminal Division, United States Department of Justice, and Roger Jon Diamond, Attorney for the Defendant, to file this Joint Stipulation Regarding Excludable Time Under the Speedy Trial Act. The parties agree that all time from June 13, 2011 until October 11, 2011, is excludable time for purposes of the Speedy Trial Act.

1

On June 13, 2008, this case ended in mistrial before the Honorable Alex Kozinski. Following the mistrial, the case was transferred back to the original trial judge in this matter, the Honorable George H. King, who subsequently denied defendant's motion to dismiss indictment with prejudice. The defendant then took an appeal to the United States Court of Appeals for the Ninth Circuit. The Court of Appeals affirmed Judge King's order denying the motion to dismiss indictment. This order was entered December 22, 2009. On February 3, 2010, the Court of Appeals denied defendant's petition for rehearing *en banc*. The defendant petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 28, 2010. A new trial date of February 8, 2011 was set by Judge King.

On January 19, 2011, the Court held a *Daubert* hearing. On March 2, 2011, Judge King ruled on the matter. In his ruling, Judge King set May 2, 2011 as the final motion hearing and pre-trial conference date. He also set May 17, 2011 as the trial date.

On April 14, 2011, a Superseding Indictment was filed in the case. On May 2, 2011, the defendant was arraigned on the Superseding Indictment. That same day, Judge King held a status conference in lieu of a final pre-trial conference (There were six motions pending before Judge King which were resolved on May

2, 2011).  Judge King set a further status conference for June 13, 2011 in order to allow the defendant and his counsel time to review additional discovery, provided by the Government, relating to the Superseding Indictment.  Judge King vacated the present pre-trial conference and vacated all trial dates.

On June 13, 2011, Judge King held the previously scheduled status conference.  At the conference, defense counsel indicated that both he and the defendant had an opportunity to review all discovery provided by the Government.  Defense counsel then requested time to determine if they need to hire an expert witness relating to the new charges.  The defense further stated that they needed time to assess and file potential additional pre-trial motions relating to the new charges.

Judge King ordered the defense to designate and disclose to the Government, within 60 days of the conference, any proposed expert witnesses.  Judge King also instructed the parties to meet and confer, within 60 days after the expert disclosure deadline, regarding any and all proposed motions and to file a fully integrated joint brief containing all pretrial motions within that time frame.  Per the Judge's order, the joint brief containing all outstanding motions must be filed no later than October 11, 2011.

Pursuant to 18 U.S.C. § 3161 (e), the defendant should be tried again within 70 days from the date the action occasioning

1  the retrial becomes final, which may be extended to up to 180
2  days under certain circumstances.  However, the periods of delay
3  enumerated in section 3161 (h) are excluded in computing the
4  time limitations in section 3161 (e).
5      Pursuant to 18 U.S.C. § 3161 (h)(1)(D)and 18 U.S.C. §3161
6  (h)(7)(A), the parties agree that the ends of justice served by
7  taking such action (giving the defense time to determine the
8  need for potential expert witnesses and to file additional pre-
9  trial motions) outweigh the best interest of the public and the
10 defendant in a speedy trial.  The defendant requested this delay
11 in order to assess the need for expert witnesses in order to
12 adequately present his defense.  Furthermore, given the unusual
13 and complex nature of obscenity cases and the novel questions of
14 fact and law, the defense has requested additional time in order
15 to prepare for potential pre-trial motions.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

For all the reasons described above, all time from June 13, 2011 to October 11, 2011 should be excludable time pursuant to 18 U.S.C. § 3161 (h)(1)(D), 18 U.S.C. § 3161 (h)(7)(A), and 18 U.S.C. § 3161 (h)(7)(B)(ii).

Respectfully Submitted,


_____/s/_____
ROGER JON DIAMOND
Attorney for Defendant
IRA ISAACS



_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Joint Stipulation Regarding Excludable Time Under the Speedy trial Act was filed on June 20, 2011 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405. Also, on June 20, 2011, the Government mailed a paper copy to the counsel of defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney,
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
michael.grant@usdoj.gov