ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA 90405
(310) 399-3259

MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>IRA ISAACS,<br><br>    Defendant. | **CR-07-732(A)-GHK**<br><br>**JOINT STIPULATION REGARDING EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT** |

Comes Now, Michael W. Grant, Trial Attorney, Criminal Division, United States Department of Justice, and Roger Jon Diamond, Attorney for the Defendant, to file this Joint Stipulation Regarding Excludable Time Under the Speedy Trial Act.  The parties agree that all time from October 12, 2011 until February 28, 2012, is excludable time for purposes of the Speedy Trial Act.

1

On June 13, 2008, this case ended in mistrial before the Honorable Alex Kozinski. Following the mistrial, the case was transferred back to the original trial judge in this matter, the Honorable George H. King, who subsequently denied defendant's motion to dismiss indictment with prejudice. The defendant then took an appeal to the United States Court of Appeals for the Ninth Circuit. The Court of Appeals affirmed Judge King's order denying the motion to dismiss indictment. This order was entered December 22, 2009. On February 3, 2010, the Court of Appeals denied defendant's petition for rehearing *en banc*. The defendant petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 28, 2010. A new trial date of February 8, 2011 was set by Judge King.

On January 19, 2011, the Court held a *Daubert* hearing. On March 2, 2011, Judge King ruled on the matter. In his ruling, Judge King set May 2, 2011 as the final motion hearing and pre-trial conference date. He also set May 17, 2011 as the trial date.

On April 14, 2011, a Superseding Indictment was filed in the case. On May 2, 2011, the defendant was arraigned on the Superseding Indictment. That same day, Judge King held a status conference in lieu of a final pre-trial conference (There were six motions pending before Judge King which were resolved on May

2, 2011). Judge King set a further status conference for June 13, 2011 in order to allow the defendant and his counsel time to review additional discovery, provided by the Government, relating to the Superseding Indictment. Judge King vacated the present pre-trial conference and vacated all trial dates.

On June 13, 2011, Judge King held the previously scheduled status conference. At the conference, defense counsel indicated that both he and the defendant had an opportunity to review all discovery provided by the Government. Defense counsel then requested time to determine if they needed to hire an expert witness relating to the new charges. The defense further stated that they needed time to assess and file potential additional pre-trial motions relating to the new charges.

Judge King ordered the defense to designate and disclose to the Government, within 60 days of the conference, any proposed expert witnesses. Judge King also instructed the parties to meet and confer, within 60 days after the expert disclosure deadline, regarding any and all proposed motions and to file a fully integrated joint brief containing all pretrial motions within that time frame. Per the Judge's order, the joint brief containing all outstanding motions was required to be filed no later than October 11, 2011. The joint brief was filed on October 11, 2011.

On November 28, 2011, Judge King held a pre-trial conference to set a trial date. The defendant requested a trial date of February 28, 2012. The Court set a final pre-trial conference for February 13, 2012 and a jury trial for February 28, 2012.

Pursuant to 18 U.S.C. § 3161(e), the defendant should be tried again within 70 days from the date the action occasioning the retrial becomes final, which may be extended to up to 180 days under certain circumstances. However, the periods of delay enumerated in section 3161(h) are excluded in computing the time limitations in section 3161(e).

Pursuant to 18 U.S.C. § 3161(h)(1)(D)and 18 U.S.C. §3161(h)(7)(A), the parties agree that the ends of justice served by taking such action (setting the trial date for February 28th in order to give defendant enough time to prepare for trial) outweigh the best interest of the public and the defendant in a speedy trial. The defendant requested February 28, 2012 as a trial date. Given the unusual and complex nature of obscenity cases and the novel questions of fact and law, the delay will afford the defendant the necessary time to prepare for trial.

//

//

//

//

4

For all the reasons described above, all time from October 12, 2011 until February 28, 2012 should be excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D), 18 U.S.C. § 3161(h)(7)(A), and 18 U.S.C. § 3161 (h)(7)(B)(ii).

                                Respectfully Submitted,


                                _____/s/_____  
                                ROGER JON DIAMOND  
                                Attorney for Defendant  
                                IRA ISAACS


                                _____/s/_____  
                                MICHAEL W. GRANT  
                                U.S. Department of Justice  
                                Trial Attorney  
                                Child Exploitation and  
                                Obscenity Section  
                                1400 New York Avenue, NW  
                                Sixth Floor  
                                Washington, DC 20530  
                                (202)307-1982 (phone)  
                                (202)514-1793 (fax)  
                                Michael.Grant@usdoj.gov

**CERTIFICATE OF SERVICE**

    I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Joint Stipulation Regarding Excludable Time Under the Speedy trial Act was filed on December 1, 2011, by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405.  Also, on December 1, 2011, the Government mailed a paper copy to the counsel of defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

```
        _____/s/_____
        MICHAEL W. GRANT
        U.S. Department of Justice
        Trial Attorney,
        Child Exploitation and
        Obscenity Section
        1400 New York Avenue, NW
        Sixth Floor
        Washington, DC 20530
        (202) 514-6715 (phone)
        (202) 514-1793 (fax)
        michael.grant@usdoj.gov
```