MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          vs.<br><br>IRA ISAACS,<br><br>          Defendant.<br>_____ | )<br>)<br>)<br>)<br>) **CR-07-732-GHK(A)**<br>)<br>) **PROPOSED JURY INSTRUCTIONS**<br>)<br>)<br>) **Trial Date:  February 28, 2012**<br>) **Trial Time:  9:30 a.m.** |

     Pursuant to the Court's Order, dated November 28, 2011,
Plaintiff United States of America, through the undersigned
counsel, sent on January 9, 2012, the below proposed jury
instructions and authorities to the Defendant, Ira Isaacs, by
and through his counsel of record, Roger Jon Diamond.  Counsel
for each of the parties subsequently conferred regarding the
proposed instructions.  Counsel for the Government requested
that the defense, if it objected to any of the proposed
instructions, provide the basis for the objection and supporting
authority in accordance with the Court's Order, dated November
28, 2011.  On January 23, 2012, defense counsel informed the

1

Government that the defense acquiesces but does not stipulate to the proposed instructions.  Defense counsel further informed the Government that the defense will not be filing any objections to the proposed instructions, nor will the defense be filing its own proposed instructions.

### PROPOSED INSTRUCTION NO. 1

"DUTY OF JURY"

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.1, (2011).

## **PROPOSED INSTRUCTION NO. 2**

### "THE CHARGE – PRESUMPTION OF INNOCENCE"

This is a criminal case brought by the United States government.  The government charges the defendant with (1) engaging in a business of producing and selling obscene matter, (2) transporting obscene material for sale or distribution, (3)transporting obscene material, and (4) mailing obscene material.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.2, (2011).

## **PROPOSED INSTRUCTION NO. 3**

"WHAT IS EVIDENCE"

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn testimony of any witness;

(2)  the exhibits which are received in evidence; and

(3)  any facts to which the parties agree.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.3, (2011).

## PROPOSED INSTRUCTION NO. 4

### "WHAT IS NOT EVIDENCE"

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.4, (2011).

## <u>PROPOSED INSTRUCTION NO. 5</u>

"DIRECT AND CIRCUMSTANTIAL EVIDENCE"

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.5, (2011).

## <u>PROPOSED INSTRUCTION NO. 6</u>

"RULING ON OBJECTIONS"

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.6, (2011).

## PROPOSED INSTRUCTION NO. 7

"CREDIBILITY OF WITNESSES"

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.7, (2011).

**PROPOSED INSTRUCTION NO. 8**

"CONDUCT OF THE JURY"

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond

that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.8, (2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## PROPOSED INSTRUCTION NO. 9

"NO TRANSCRIPT AVAILABLE TO JURY"

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.9, (2011).

## PROPOSED INSTRUCTION NO. 10

"TAKING NOTES"

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom][jury room][envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.10, (2011).

## PROPOSED INSTRUCTION NO. 11

### "OUTLINE OF TRIAL"

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments][the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
1.11, (2011).

## PROPOSED INSTRUCTION NO. 12

"CAUTIONARY INSTRUCTION – FIRST RECESS"

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, email or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal][bailiff][clerk] to give to me.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
2.1, (2011).

## PROPOSED INSTRUCTION NO. 13

"BENCH CONFERENCES AND RECESSES"

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §

2.2, (2011).

## <u>PROPOSED INSTRUCTION NO. 14</u>

"STIPULATIONS OF FACT"

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
2.4, (2011).

## PROPOSED INSTRUCTION NO. 15

"TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE"

You are about to watch a recording in the Japanese language.  A transcript of the recording has been admitted into evidence.  The transcript is an official English-language translation of the recording.

Although some of you may know the Japanese language, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
2.8, (2011).

## PROPOSED INSTRUCTION NO. 16

"DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW"

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.1, (2011).

## PROPOSED INSTRUCTION NO. 17

"CHARGE AGAINST DEFENDANT NOT EVIDENCE"

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §

3.2, (2011).

## **PROPOSED INSTRUCTION NO. 18**

"DEFENDANT'S DECISION NOT TO TESTIFY"

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.3, (2011).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PROPOSED INSTRUCTION NO. 19**

"DEFENDANT'S DECISION TO TESTIFY"

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.4, (2011).

## PROPOSED INSTRUCTION NO. 20

### "REASONABLE DOUBT - DEFINED"

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.5, (2011).

## <u>PROPOSED INSTRUCTION NO. 21</u>

### "WHAT IS EVIDENCE"

The evidence you are to consider in deciding what the facts are consists of:

     (1)  the sworn testimony of any witness;

     (2)  the exhibits received in evidence; and

     (3)  any facts to which the parties have agreed.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.6, (2011).

**PROPOSED INSTRUCTION NO. 22**

"WHAT IS NOT EVIDENCE"

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

    (1)   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    (2)   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

    (3)   Anything you may have seen or heard when the court was not in session is not evidence.  You are to

1          decide the case solely on the evidence received at

2          the trial.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.7, (2011).

### PROPOSED INSTRUCTION NO. 23

"DIRECT AND CIRCUMSTANTIAL EVIDENCE"

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.8, (2011).

## PROPOSED INSTRUCTION NO. 24

### "CREDIBILITY OF WITNESSES"

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)  the witness's opportunity and ability to see or hear or know the things testified to;

    (2)  the witness's memory;

    (3)  the witness's manner while testifying;

    (4)  the witness's interest in the outcome of the case, if any;

    (5)  the witness's bias or prejudice, if any;

    (6)  whether other evidence contradicted the witness's testimony;

    (7)  the reasonableness of the witness's testimony in light of all the evidence; and

    (8)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.9, (2011).

## <u>PROPOSED INSTRUCTION NO. 25</u>

"SEPARATE CONSIDERATION OF MULTIPLE COUNTS"

A separate crime is charged again the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
3.11, (2011).

**PROPOSED INSTRUCTION NO. 26**

"STATEMENTS BY DEFENDANT"

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
4.1, (2011).

## PROPOSED INSTRUCTION NO. 27

"GOVERNMENT'S USE OF UNDERCOVER AGENTS"

You have heard testimony from an undercover agent who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception such as the use of informants and undercover agents, in order to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
4.10, (2011).

### PROPOSED INSTRUCTION NO. 28

"AIDING AND ABETTING"

A defendant may be found guilty of [*specify crime charged*], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.   To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt; First [*specify crime charged*] was committed by someone; Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of [*specify crime charged*]; and Third, the defendant acted before the crime was completed.   It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.   The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [*specify specific crime*].   The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
5.1, (2011).

### PROPOSED INSTRUCTION NO. 29

"KNOWINGLY – DEFINED"

An act is done knowingly if the defendant is aware of the act and does not [act][fail to act] through ignorance, mistake, or accident.  [The government is not required to prove that the defendant knew that his acts or omissions were unlawful.]  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
5.6, (2011).

**PROPOSED INSTRUCTION NO. 30**

"DUTY TO DELIBERATE"

When you begin your deliberations, elect one member of the jury as your [presiding juror][foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, or course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
7.1, (2011).

### PROPOSED INSTRUCTION NO. 31

"CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY"

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
7.2, (2011).

## PROPOSED INSTRUCTION NO. 32

"USE OF NOTES"

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §

7.3, (2011).

## <u>PROPOSED INSTRUCTION NO. 33</u>

"JURY CONSIDERATION OF PUNISHMENT"

The punishment provided by law for this crime is for the court to decide.  You may not consider the punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**AUTHORITY**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
7.4, (2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## PROPOSED INSTRUCTION NO. 34

"VERDICT FORM"

A verdict form has been prepared for you.  [*Explain verdict form as needed*].  After you have reached unanimous agreement on a verdict, your [presiding juror][foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk][bailiff] that you are ready to return to the courtroom.

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
7.5, (2011).

## PROPOSED INSTRUCTION NO. 35

"COMMUNICATION WITH THE COURT"

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk][bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone —including me— how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**<u>AUTHORITY</u>**

NINTH CIRCUIT MANUAL OF MODERN CRIMINAL JURY INSTRUCTIONS, §
7.6, (2011).

## PROPOSED INSTRUCTION NO. 36

### "On or About"

You will note that the indictment charges that the offenses were committed "on or about" a certain date. It does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity, between the dates alleged in the indictment and the date established by testimony or exhibits.

**<u>AUTHORITY</u>**

MODERN FEDERAL JURY INSTRUCTIONS – CRIMINAL P. 3.01, § 3.12, (2011).

**<u>PROPOSED INSTRUCTION NO. 37</u>**

"OFFENSE INSTRUCTION – COUNT 1"

Count One of the indictment charges that: Beginning on a date unknown, and continuing through on or about April 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, Defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," engaged in the business of producing with intent to distribute and sell, and engaged in the business of selling, obscene matter, including, but not limited to, the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7," which has been shipped and transported in interstate and foreign commerce.

**AUTHORITY**

Superseding Indictment filed April 14, 2011.

## PROPOSED INSTRUCTION NO. 38

"STATUTE DEFINING THE OFFENSE – COUNT ONE"

Section 1466(a) of Title 18 of the United States Code
provides, in part, that:

> "Whoever is engaged in the business of producing with
> intent to distribute or sell, or selling…obscene matter,…
> which has been shipped or transported in interstate or
> foreign commerce,…"

shall be guilty of an offense against the United States.

**<u>AUTHORITY</u>**

18 U.S.C. § 1466(a).

**PROPOSED INSTRUCTION NO. 39**

"ELEMENTS OF THE OFFENSE – COUNT ONE"

In order to sustain its burden of proof for the crime of engaging in the business of producing with intent to distribute and sell and engaging in the business of selling obscene matter, including, but not limited to, the movie titled "HOLLYWOOD SCAT AMATEURS NO.7," the government must prove the following four essential elements beyond a reasonable doubt:

<u>First</u>:  That the Defendant was engaged in the business of producing with intent to distribute or sell obscene matter, or was engaged in the business of selling obscene matter;

<u>Second</u>: That the Defendant knew, at the time of engaging in such business, that the materials were of a sexually oriented nature;

<u>Third</u>:  That the material had been shipped or transported in interstate or foreign commerce; and

<u>Fourth</u>: That the material was obscene.

Although the government must prove that the defendant generally knew the materials were of a sexually oriented nature, the government does not have to prove that the defendant knew or believed the materials were legally obscene.

The term "engaged in the business" means that the person who produces, sells or offers to sell obscene matter devotes time, attention, or labor to such activities, as a regular

course of trade or business, with the objective of earning a
profit, although it is not necessary that the person make a
profit or that the production, selling or offering to sell such
material be the person's sole or principal business or source of
income.

The term "interstate commerce" includes any movement of
goods or articles from one state into another state.  The term
"foreign commerce" includes commerce with a foreign country.

An essential element the government must prove is that
the materials charged as being mailed or transported in
interstate commerce are "obscene" materials.  In this regard,
however, the government does not have the burden to provide
affirmative evidence of their obscenity, other than to place the
materials themselves into evidence.  Once the materials are
placed into evidence by the government, they are considered the
best evidence of what they represent and are sufficient in
themselves for the determination of obscenity.  This
determination of obscenity must be made by you, using the three-
part test I will now describe.

In the exercise of the fundamental constitutional right
of free expression which all of us enjoy, sex may be portrayed,
and the subject of sex may be discussed, freely and publicly.
Material is not to be condemned merely because it contains
passages or sequences that are descriptive of sexual activity.
However, the constitutional right to free expression does not

extend to that which is obscene.  Said in another way, obscene material is not protected by the First Amendment of the United States Constitution.

To prove a matter is "obscene", the government must satisfy a three-part test.

<u>First</u>: that the work appeals predominantly to prurient interest;

<u>Second</u>: that it depicts or describes sexual conduct in a patently offensive way; and

<u>Third</u>: that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as distinguished from a mere candid interest in sex.

The first test, therefore, is whether the predominant theme or purpose of the material, when viewed as a whole and not part by part, and when considered in relation to the intended and probable recipients, is an appeal to the prurient interest of an average person in the community as a whole or to the prurient interest of members of a deviant sexual group.  In making this decision, you must examine the main or principal thrust of the material, when assessed in its entirety and based on its total effect, not on incidental themes or isolated passages or sequences.

The second test is whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts, normal or perverted, actual or simulated; masturbation; excretory functions; or lewd exhibition of the genitals.

These first two tests which I have described are to be decided by you, applying contemporary community standards. This means that you should make the decision in the light of contemporary standards that would be applied to by the average person in this community, with an average and normal attitude toward—and interest in—sex. Contemporary community standards are those accepted in this community as a whole. You must decide whether the material would appeal predominantly to prurient interests and would depict or describe sexual conduct in a patently offensive way when viewed by an average person in this community as a whole, that is, by the community at large or in general. Matter is patently offensive by contemporary community standards if it so exceeds the generally accepted limits of candor in the entire community as to be clearly offensive. You must not judge the material by your own personal standards, if you believe them to be stricter than those generally held, nor should you determine what some groups of people may believe the community ought to accept or refuse to accept. Rather, you must determine the attitude of the community as a whole.

However, the prurient-appeal requirement may also be assessed in terms of the sexual interest of a clearly defined deviant sexual group if the material in question was intended to appeal to the prurient interest of that group, as distinguished from the community in general.

If you find that the material meets the first two tests of the obscenity definition, your final decision is whether the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.  Unlike the first two tests, this third test is not to be decided on contemporary community standards but rather on the basis of whether a reasonable person, considering the material as a whole, would find that the material lacks serious literary, artistic, political, or scientific value.  An item may have serious value in one or more of these areas even if it portrays sexually oriented conduct. It is for you to say whether the material in this case has such value.

All three of these tests must be met before the material in question can be found to be obscene.  If any one of them is not met, the material would not be obscene within the meaning of the law.

Having covered the three characteristics of obscenity, there is one additional factor that you may consider and that is the concept of "pandering."  You must make the decision whether the materials are obscene under the test I have given you.  In

1  making this determination, however, you are not limited to the

2  materials themselves.  In addition, you may consider the setting

3  in which they were presented.  Examples of what you may consider

4  in this regard are such things as: manner of distribution,

5  circumstances of production, sale, and advertising.  The

6  editorial intent is also relevant.  What you are determining

7  here is whether the materials were produced and sold as stock-

8  in-trade of the business of pandering.  Pandering is the

9  business of purveying textual or graphic matter openly

10  advertised to appeal to the erotic interest of the customer.

11      The question of obscenity is to be answered by

12  application of the basic test recited earlier, but you may

13  consider the evidence of pandering to assist you in your

14  decision.  Such evidence is pertinent to all three prongs of the

15  basic test of obscenity.

16      For example, though serious value, or the lack of it, is

17  not determined in terms of contemporary community standards,

18  evidence of pandering to prurient interest in the creation,

19  promotion, or dissemination of material is relevant in

20  determining whether the material is obscene.  In determining the

21  question of whether the allegedly obscene material is lacking in

22  serious literary, artistic, political, or scientific value, the

23  trier of fact may consider the circumstances of distribution,

24  and particularly whether such circumstances indicate that the

25  matter was being commercially exploited by the Defendant for the

sake of its prurient appeal.  Circumstances of production and dissemination are relevant to determining whether serious value claimed for the material was in the circumstances pretense or reality.  If you conclude that the Defendant's sole emphasis is in the sexually provocative aspect of the material, that fact can justify the conclusion that the matter is lacking in serious literary, artistic, political, or scientific value.  Such evidence is probative with respect to the nature of the matter and can justify the conclusion, especially if the question is a close one, that the matter lacks serious literary, artistic, political, or scientific value.  The weight, if any, such evidence is entitled to is a matter for you, the Jury, to determine.

In summary, evidence of pandering simply is useful in applying the basic obscenity test where an exploitation of the interest in titillation by pornography is shown with respect to the material, lending itself to such exploitation through pervasive treatment or description of sexual matters.  Such evidence may support the determination that the material is obscene, even though, in another context, the material may not be obscene.

**AUTHORITY**

18 U.S.C. §§ 1466 and 10; FIFTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS, §§ 2.6 and 2.63, (2001)(*modified*).

It is not necessary for the government to prove that the Defendant knew the offending materials to be legally obscene, or believed them to be, in fact, obscene. It is sufficient to satisfy this element if the jury finds that the Defendant was aware of the general contents, character and sexually explicit nature of the materials mailed. *See* Hamling v. United States, 418 U.S. 87, 123-24 (1974); *see also* United States v. Hurt, 795 F.2d 765, 773-74 (9th Cir. 1986), *modified on other grounds*, 808 F.2d 707 (9th Cir. 1987); United States v. Sherwin, 572 F.2d 196, 201-02 (9th Cir. 1977).

Regarding the Government's burden to provide evidence of the obscenity of the material, *see* Ginzburg v. United States, 383 U.S. 463, 465 (1966); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 56 (1973); Kaplan v. California, 413 U.S. 115, 121-22, n.5 (1973); and Miller v. California, 413 U.S. 15, 24-25, (1973).

Pandering instruction, given by the District Court, approved in United States v. Hamling, 481 F.2d 307,322 (9th Cir. 1973), *aff'd* 418 U.S. 87, 130-31 (1974); *see also* Splawn v. California, 431 U.S. 595, 597-98 (1977); Hamling v. United States, 418 U.S. 87, 130-31 (1974); Ginzburg v. United States,

1   383 U.S. 463 465-76 (1966); <u>Pinkus v. United States</u>, 436 U.S.

2   293, 303-04 (1978).

**PROPOSED INSTRUCTION NO. 40**

"OFFENSE INSTRUCTION – COUNTS 2-4"

Counts Two through Four of the indictment charge that: On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, Defendant, IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly used a facility and means of interstate and foreign commerce, and an interactive computer service in and affecting interstate and foreign commerce, for the purpose of selling and distributing the following obscene pictures and films, namely the movies with the following titles:

| COUNT | DATE | MOVIE TITLE |
|-------|------|-------------|
| TWO | May 11, 2004 | "GANG BANG HORSE 'PONY SEX GAME'" |
| THREE | July 21, 2006 | "MAKO'S FIRST TIME SCAT" |
| FOUR | October 20, 2006 | "HOLLYWOOD SCAT AMATEURS NO. 7" |

**<u>AUTHORITY</u>**

Superseding Indictment filed April 14, 2011.

## PROPOSED INSTRUCTION NO. 41

"STATUTE DEFINING THE OFFENSE – COUNTS 2-4"

Section 1465 of Title 18 of the United States Code provides, in part, that:

"[W]hoever knowingly… uses a facility or means of, interstate or foreign commerce… for the purpose of sale or distribution of any obscene…picture [or] film…" shall be guilty of an offense against the United States.

**<u>AUTHORITY</u>**

18 U.S.C. § 1465.

**PROPOSED INSTRUCTION NO. 42**

"ELEMENTS OF THE OFFENSE – COUNTS 2-4"

The Defendant can be found guilty of violating Title 18, United States Code, Section 1465 only if all of the following facts are proved beyond a reasonable doubt:

> First:     That the Defendant knowingly used a facility or means of interstate or foreign commerce to transport certain materials as described in the indictment;
>
> Second:    That the Defendant transported such materials for the purpose of selling or distributing them;
>
> Third:     That the Defendant knew, at the time of such transportation, that the materials were of a sexually oriented nature; and
>
> Fourth:    That the materials were obscene.

The term "facility or means of interstate commerce" includes private and commercial interstate carriers.  United Parcel Service (commonly known as "UPS") is a facility and means of interstate commerce as defined.

The term "transport" includes any movement of goods or articles, either interstate or intrastate.  To transport "for the purpose of sale or distribution" means to transport, not for personal use, but with the intent to ultimately transfer possession of the materials involved to another person or

1  persons, with or without any financial interest in the

2  transaction.

**<u>AUTHORITY</u>**

18 U.S.C. § 1465; ELEVENTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTIONS § 55, (2010)(*modified*); FIFTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTIONS § 2.64, (2001)(*modified*); <u>United States v. Nader</u>, 542 F.3d 713, 717-21 (9th Cir. 2008); <u>United States v. Hasner</u>, 340 F.3d 1261, 1270 (11th Cir. 2003); <u>United States v. Gil</u>, 297 F.3d 93, 99-100 (2nd Cir. 2002); <u>United States v. Photogrammetric Data Services, Inc.</u>, 259 F.3d 229, 246-253 (4th Cir. 2001); and <u>United States v. Marek</u>, 238 F.3d 310, 317-20 (5th Cir. 2001).

## PROPOSED INSTRUCTION NO. 43

"OFFENSE INSTRUCTION – COUNT FIVE"

Count Five of the indictment charges that: On or about October 20, 2006, in Los Angeles County, within the Central District of California, and elsewhere, Defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly used an express company, common carrier, and interactive computer service, for carriage in interstate commerce and delivery to a location outside the State of California, packages which contained the following obscene pictures and film, namely, the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7."

**<u>AUTHORITY</u>**

Superseding Indictment filed April 14, 2011.

## PROPOSED INSTRUCTION NO. 44

"STATUTE DEFINING THE OFFENSE – COUNT FIVE"

Section 1462 of Title 18 of the United States Code provides, in part, that:

> "Whoever brings into the United States…or knowingly uses any express company or other common carrier or interactive computer service…for carriage in interstate or foreign commerce…any obscene…picture, motion-picture film,…or other matter of indecent character…

shall be guilty of an offense against the United States.

**AUTHORITY**

18 U.S.C. § 1462.

**PROPOSED INSTRUCTION NO. 45**

"ELEMENTS OF THE OFFENSE – COUNT FIVE"

The Defendant can be found guilty of violating Title 18, United States Code, Section 1462 only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly used a common carrier to transport certain materials as described in the indictment in interstate commerce, from California to Virginia;

Second:   That the Defendant knew, at the time of such transportation, that the materials were of a sexually oriented nature; and

Third:    That the materials were obscene.

The term "common carrier" includes any person or corporation whose business is transporting goods and commodities for members of the public.  United Parcel Service (commonly known as "UPS") is a common carrier as defined.

**<u>AUTHORITY</u>**

ELEVENTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTION § 56,
(2010)(*modified*); FIFTH CIRCUIT CRIMINAL PATTERN JURY
INSTRUCTION § 2.63, (2001)(*modified*);

**PROPOSED INSTRUCTION NO. 46**

"OFFENSE INSTRUCTION – COUNTS 6-10"

Counts Six through Ten of the indictment charge that: On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, Defendant, IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly caused to be delivered by mail according to the direction thereon to an address located in Los Angeles County, non-mailable obscene matter, namely the movies with the following titles:

| COUNT | DATE | MOVIE TITLE |
|-------|------|-------------|
| SIX | January 25, 2011 | "HOLLYWOOD SCAT AMATEURS NO. 7" |
| SEVEN | January 25, 2011 | "HOLLYWOOD SCAT AMATEURS NO. 38" |
| EIGHT | January 25, 2011 | "TRAILERS" |
| NINE | April 7, 2011 | "JAPANESE DOGGIE 3 WAY" |
| TEN | April 7, 2011 | "HOLLYWOOD SCAT AMATEURS NO. 10" |

**<u>AUTHORITY</u>**

Superseding Indictment filed April 14, 2011.

**PROPOSED INSTRUCTION NO. 47**

"STATUTE DEFINING THE OFFENSE – COUNTS 6-10"

Section 1461 of Title 18 of the United States Code provides, in part, that:

> "Whoever… knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared by this section…to be non-mailable, or knowingly causes to be delivered by the mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed…or of aiding in the circulation or disposition thereof…

shall be guilty of an offense against the United States.

**AUTHORITY**

18 U.S.C. § 1461.

1

## PROPOSED INSTRUCTION NO. 48

2

"ELEMENTS OF THE OFFENSE – COUNTS 6-10"

3    The Defendant can be found guilty of violating Title 18,
4  United States Code, Section 1461 only if all of the following
5  facts are proved beyond a reasonable doubt:

6    First:    That the Defendant knowingly sent or caused to
7              be sent certain material using the United
8              States mail;

9    Second:   That the Defendant knew, at the time of the
10             mailing, that the materials were sexually
11             oriented in nature; and

12   Third:    That the materials were obscene.

13   To use the mail is to act so that something will normally
14  be sent through the mail in the normal course of business or
15  reasonably foresee that the mail will be used.  Where a person
16  does an act with knowledge that the use of the mails will follow
17  or where such use can reasonably be foreseen, then the person
18  causes the mails to be used.

19

20

21

22

23

24

25

**AUTHORITY**

ELEVENTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTION § 55, (2010)(*modified*); FIFTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTION § 2.62, (2001)(*modified*); and Pereira v. United States, 347 U.S. 1, 8-9 (1954).

Respectfully Submitted,


_____/s/_____
ROGER JON DIAMOND
Attorney for Defendant
IRA ISAACS


_____/s/_____
DAMON A. KING
U.S. Department of Justice
Deputy Chief
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
damon.king@usdoj.gov


_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

## CERTIFICATE OF SERVICE

I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Proposed Jury Instructions was filed on January 27, 2102, by CM/ECF which will send electronic copies to counsel for the Defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405.   Also, on January 27, 2012, the Government mailed a paper copy to the counsel of Defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

```
_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney,
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
michael.grant@usdoj.gov
```