MICHAEL W. GRANT
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 6000
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               vs.<br><br>IRA ISAACS,<br><br>          Defendant. | CR-07-732(A)-GHK<br><br>**GOVERNMENT'S EX PARTE APPLICATION FOR ORDER PERMITTING DISCLOSURE OF GRAND JURY MATERIALS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL W. GRANT**<br><br>**[PROPOSED ORDER FILED CONCURRENTLY]** |

   Pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)"), Plaintiff United States of America, by and through its counsel, hereby submits this *ex parte* application for an order authorizing the government to produce, to the defense, documents and other materials covered by the secrecy provisions of Rule 6(e).

   This *ex parte* application is based on the attached Memorandum of Points and Authorities and Declaration of Michael W. Grant, the files and records of this case, and such further

1

evidence and argument as may be presented at any hearing on this application.

DATED: February 3, 2012

                                                        /s/
DAMON A. KING
Deputy Chief
U.S. Department of Justice
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Damon.king@usdoj.gov


                                                        /s/
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202)307-1982 (phone)
(202)514-1793 (fax)
Michael.Grant@usdoj.gov

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule (6)(e)(2) of the Federal Rules of Criminal Procedure provides that "an attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules . . . ." Fed. R. Crim. P. 6(e)(2). Disclosure of grand jury matters is permitted, however, when authorized by a court "preliminary to or in connection with a judicial proceeding . . . ." Fed. R. Crim. P. 6(e)(3)(E)(i).

The power of the court to order disclosure of grand jury matters is discretionary, and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. In re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464, 470 (E.D. Pa. 1971); see also United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958).

In U.S. Industries, Inc. v. United States District Court, 345 F.2d 18 (9th Cir.), cert. denied, 382 U.S. 814 (1965), the Ninth Circuit stated that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for secrecy "do not apply at all in a given situation, or apply only to an insignificant degree, the party seeking the disclosure should not be required to demonstrate a large compelling need." Id. at 21. The Ninth Circuit's opinion also listed five general reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to ensure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosure by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Id. at 22; cf. Proctor & Gamble Co., 356 U.S. at 681, n.6.

In this instance, the policy considerations requiring secrecy are greatly diminished because the case has been indicted. United States v. Dynavac, Inc., 6 F.3d 1407, 1411, 1412 (9th Cir. 1993) ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, the general reasons

for secrecy are inapplicable with respect to matters occurring before the grand jury to the extent that those matters are otherwise subject to the government's discovery obligations. The government's discovery obligations would include, for example, production of documents presented to the grand jury which the government intends to use in the trial of this case and the transcripts of testimony of any witness whom the government may call at trial. Portions of the grand jury testimony may constitute a witness statement discoverable by the defense under the *Jencks Act*, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure. Defendants' right to discover the prior statement of any potential trial witness and to receive any other discovery to which defendants are entitled outweigh the interests of continued secrecy of the grand jury matters.

Accordingly, the government respectfully requests that the Court issue an order authorizing the government to provide defense counsel with a copy of grand jury materials from the investigation of this case which are encompassed by the government's discovery obligations.

DATED: February 3, 2012

```
                              _____/s/_____
                              DAMON A. KING
                              Deputy Chief
                              U.S. Department of Justice
                              Child Exploitation and
                              Obscenity Section
                              1400 New York Avenue, NW
                              Sixth Floor
                              Washington, DC 20530
                              (202)307-1982 (phone)
                              (202)514-1793 (fax)
                              Damon.king@usdoj.gov


                              _____/s/_____
                              MICHAEL W. GRANT
                              U.S. Department of Justice
                              Trial Attorney
                              Child Exploitation and
                              Obscenity Section
                              1400 New York Avenue, NW
                              Sixth Floor
                              Washington, DC 20530
                              (202)307-1982 (phone)
                              (202)514-1793 (fax)
                              Michael.Grant@usdoj.gov
```

**DECLARATION OF MICHAEL W. GRANT**

I, Michael W. Grant, declare as follows:

1. I am a Trial Attorney in the United States Department of Justice's Criminal Division. I have been assigned to the case of United States v. Ira Isaacs, No. CR 07-732(A)-GHK.

2. The government will be producing discovery materials to the defendants in this case, some of which arguably contain information covered by the secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure ("Rule 6(e)"). Certain documents that may have been presented to the grand jury during the investigation of this matter may be covered by the secrecy obligations of Rule 6(e), but may also be covered by the government's discovery obligations under Rules 16(a) and 26.2 of the Federal Rules of Criminal Procedure and Brady.

4. The government may also call at trial, witnesses who testified before the grand jury during the investigation of this case. This testimony may contain material that the government is obliged to provide to the defendants under the *Jencks Act*, 18 U.S.C. § 3500, et seq.; United States v. Giglio, 405 U.S. 150 (1982); and Rule 26.2 of the Federal Rules of Criminal Procedure.

5. The government therefore applies *ex parte* for an order from the Court authorizing the government to disclose grand jury materials to defendants as necessary to fulfill the government's discovery obligations.

6. On February 1, 2012, I e-mailed, Roger Jon Diamond, counsel for the defendant regarding this ex parte application. On February 2, 2012, Mr. Diamond responded and indicated that he does not object to this application.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED: February 3, 2012

                                                          /s/_____
                                                  MICHAEL W. GRANT
                                                  U.S. Department of Justice
                                                  Trial Attorney