UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>IRA ISAACS,<br> dba "Stolen Car Films,"<br> dba "LA Media,"<br><br>            Defendant. | CR No. 07-00732-GHK<br><br><u>F I R S T</u><br><u>S U P E R S E D I N G</u><br><u>I N D I C T M E N T</u><br>[REDACTED AND RENUMBERED]<br><br>[18 U.S.C. § 1466(a): Engaging in the Business of Producing and Selling Obscene Matter; 18 U.S.C. § 1465: Transportation of Obscene Material for Sale or Distribution; 18 U.S.C. § 1462(a): Transportation of Obscene Material; 18 U.S.C. § 1461: Mailing Obscene Matter; 18 U.S.C. § 2: Aiding and Abetting] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1466(a), 2]

Beginning on a date unknown, and continuing through on or about April 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," engaged in

DAK:dak

the business of producing with intent to distribute and sell, and engaged in the business of selling, obscene matter, including, but not limited to, the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7," which has been shipped and transported in interstate and foreign commerce.

COUNT TWO

[18 U.S.C. §§ 1465, 2]

On or about the following date, in Los Angeles County, within the Central District of California, and elsewhere, defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly used a facility and means of interstate and foreign commerce, and an interactive computer service in and affecting interstate and foreign commerce, for the purpose of selling and distributing the following obscene picture and film, namely, the movie with the following title:

| COUNT | DATE | MOVIE TITLE |
|---|---|---|
| TWO | July 21, 2006 | "MAKO'S FIRST TIME SCAT" |

COUNT THREE

[18 U.S.C. §§ 1462(a), 2]

On or about October 20, 2006, in Los Angeles County, within the Central District of California, and elsewhere, defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly used an express company, common carrier, and interactive computer service, for carriage in interstate commerce and delivery to a location outside the State of California, packages which contained the following obscene pictures and film, namely, the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7."

COUNTS FOUR AND FIVE

[18 U.S.C. §§ 1461, 2]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," knowingly caused to be delivered by mail according to the direction thereon to an address located in Los Angeles County, non-mailable obscene matter, namely, the movies with the following titles:

| COUNT | DATE | MOVIE TITLE |
| --- | --- | --- |
| FOUR | April 7, 2011 | "JAPANESE DOGGIE 3 WAY" |
| FIVE | April 7, 2011 | "HOLLYWOOD SCAT AMATEURS NO. 10" |

FORFEITURE ALLEGATIONS

[18 U.S.C. § 1467]

1. The allegations contained in Counts One through Five of this First Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1467.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1461, 1462(a), 1465, and 1466(a) set forth in Counts One through Five of this First Superseding Indictment, defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1467, any interest in:

   (A) any obscene material produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 71;

   (B) any property, real and personal, constituting or traceable to gross profits and other proceeds obtained from the offenses;

   (C) any property, real and personal, used and intended to be used to commit and to promote the commission of the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

   (A) cannot be located upon the exercise of due diligence;

   (B) has been transferred or sold to, or deposited with, a third party;

      (C) has been placed beyond the jurisdiction of the court;

      (D) has been substantially diminished in value; or

      (E) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 1467(b).

                                   A TRUE BILL

                                     _____

                                     Foreperson

ANDREW G. OOSTERBAAN  
Chief  
Child Exploitation & Obscenity Section  
Criminal Division  
U.S. Department of Justice

DAMON A. KING  
Deputy Chief  
Child Exploitation & Obscenity Section  
Criminal Division  
U.S. Department of Justice

MICHAEL W. GRANT  
Trial Attorney  
Child Exploitation & Obscenity Section  
Criminal Division  
U.S. Department of Justice