FILED
CLERK, U.S. DISTRICT COURT

APR 2 7 2012

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)   **CR-07-732-GHK(A)**
            vs. )
)   **JURY INSTRUCTIONS**
IRA ISAACS, )
)
        Defendant. )
)
)
)

1

## INSTRUCTION NO. 1

### "DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW"

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

1

## INSTRUCTION NO. 2

2

"CHARGE AGAINST DEFENDANT NOT EVIDENCE"

3     The indictment is not evidence.  The defendant has

4 pleaded not guilty to the charges.  The defendant is presumed to

5 be innocent unless and until the government proves the defendant

6 guilty beyond a reasonable doubt.  In addition, the defendant

7 does not have to testify or present any evidence to prove

8 innocence.  The government has the burden of proving every

9 element of the charges beyond a reasonable doubt.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## INSTRUCTION NO. 3

2

"DEFENDANT'S DECISION TO TESTIFY"

3        The defendant has testified.  You should treat this

4   testimony just as you would the testimony of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## INSTRUCTION NO. 4

### "REASONABLE DOUBT - DEFINED"

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# INSTRUCTION NO. 5

## "WHAT IS EVIDENCE"

The evidence you are to consider in deciding what the facts are consists of:

    (1)   the sworn testimony of any witness;

    (2)   the exhibits received in evidence; and

    (3)   any facts to which the parties have agreed.

## INSTRUCTION NO. 6

### "WHAT IS NOT EVIDENCE"

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

(1)   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3)   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 7**

"DIRECT AND CIRCUMSTANTIAL EVIDENCE"

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# INSTRUCTION NO. 8

## "CREDIBILITY OF WITNESSES"

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness's opportunity and ability to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

1                           **INSTRUCTION NO. 9**

2                "SEPARATE CONSIDERATION OF MULTIPLE COUNTS"

3        A separate crime is charged against the defendant in each

4 count.   You must decide each count separately.   Your verdict on

5 one count should not control your verdict on any other count.

# INSTRUCTION NO. 10

## "STATEMENTS BY DEFENDANT"

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

11

# INSTRUCTION NO. 11

### "STIPULATIONS OF FACT"

The parties have agreed to certain facts that have been stated to you.   You should therefore treat these facts as having been proved.

1

### INSTRUCTION NO. 12

2          "TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE"

3          You have seen videos in the Japanese language.

4   Transcripts of the videos have been admitted into evidence.   The

5   transcripts are official English-language translations of the

6   videos.

7          Although some of you may know the Japanese language, it

8   is important that all jurors consider the same evidence.

9   Therefore, you must accept the English translations contained in

10  the transcripts even if you would translate it differently.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## INSTRUCTION NO. 13

2

"GOVERNMENT'S USE OF UNDERCOVER AGENTS"

3      You have heard testimony from undercover agents who were

4  involved in the government's investigation in this case.  Law

5  enforcement officials may engage in stealth and deception such

6  as the use of informants and undercover agents, in order to

7  investigate criminal activities.  Undercover agents and

8  informants may use false names and appearances.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INSTRUCTION NO. 14**

"AIDING AND ABETTING"

A defendant may be found guilty of the offenses charged, even if the defendant personally did not commit the act or acts constituting the crimes but aided and abetted in their commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt: First the crimes charged in the indictment were committed by someone; Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of those offenses; and Third, the defendant acted before the crimes were completed.  It is not enough that the defendant merely associated with the person committing the crimes, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crimes.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crimes charged.  The government is not required to prove precisely which person actually committed the crimes and which person aided and abetted.

## INSTRUCTION NO. 15

### "KNOWINGLY - DEFINED"

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident.   The government is not required to prove that the defendant knew that his acts or omissions were unlawful.   You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 16

### "ON OR ABOUT"

The indictment charges that the offenses alleged were committed "on or about" certain dates.  Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed on precisely the dates charged.

**INSTRUCTION NO. 17**

"OFFENSE INSTRUCTION – COUNT 1"

Count One of the indictment charges that: Beginning on a date unknown, and continuing through on or about April 14, 2011, in Los Angeles County, within the Central District of California, and elsewhere, Defendant IRA ISAACS, doing business as "Stolen Car Films" and "LA Media," engaged in the business of producing with intent to distribute and sell, and engaged in the business of selling, obscene matter, including, but not limited to, the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7," which has been shipped and transported in interstate and foreign commerce.

1

**INSTRUCTION NO. 18**

2

"STATUTE DEFINING THE OFFENSE – COUNT ONE"

3     Section 1466(a) of Title 18 of the United States Code
4 provides, in relevant part, that:

5          "Whoever is engaged in the business of producing with
6          intent to distribute or sell, or selling . . . obscene
7          matter, . . . which has been shipped or transported in
8          interstate or foreign commerce . . ."
9 shall be guilty of an offense against the United States.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INSTRUCTION NO. 19**

"ELEMENTS OF THE OFFENSE – COUNT ONE"

In order to sustain its burden of proof for the crime of engaging in the business of producing with intent to distribute and sell and engaging in the business of selling obscene matter, including, but not limited to, the movie titled "HOLLYWOOD SCAT AMATEURS NO.7," the government must prove the following four essential elements beyond a reasonable doubt:

First:  That the Defendant was engaged in the business of producing with intent to distribute or sell obscene matter, or was engaged in the business of selling obscene matter;

Second: That the Defendant knew, at the time of engaging in such business, that the materials were of a sexually oriented nature;

Third:  That the material had been shipped or transported in interstate or foreign commerce; and

Fourth: That the material was obscene.

The term "engaged in the business" means that the person who produces, sells or offers to sell obscene matter devotes time, attention, or labor to such activities, as a regular course of trade or business, with the objective of earning a profit, although it is not necessary that the person make a profit or that the production, selling or offering to sell such

1   material be the person's sole or principal business or source of

2   income.

1    **INSTRUCTION NO. 20**

2    "OFFENSE INSTRUCTION – COUNT 2"

3    Count Two of the indictment charges that: On or about the

4    following date, in Los Angeles County, within the Central

5    District of California, and elsewhere, Defendant, IRA ISAACS,

6    doing business as "Stolen Car Films" and "LA Media," knowingly

7    used a facility and means of interstate and foreign commerce,

8    and an interactive computer service in and affecting interstate

9    and foreign commerce, for the purpose of selling and

10   distributing the following obscene picture and film, namely, the

11   movie with the following title:

12   COUNT    DATE              MOVIE TITLE

13   TWO      July 21, 2006     "MAKO'S FIRST TIME SCAT"

22

# INSTRUCTION NO. 21

### "STATUTE DEFINING THE OFFENSE – COUNT 2"

Section 1465 of Title 18 of the United States Code provides, in relevant part, that:

> "[W]hoever knowingly . . . uses a facility or means of,
> interstate or foreign commerce . . . for the purpose of
> sale or distribution of any obscene . . . picture [or]
> film . . ."

shall be guilty of an offense against the United States.

1

**INSTRUCTION NO. 22**

2

"ELEMENTS OF THE OFFENSE – COUNT 2"

3      The Defendant can be found guilty of violating Title 18,

4  United States Code, Section 1465 only if all of the following

5  facts are proved beyond a reasonable doubt:

6          First:      That the Defendant knowingly used a facility or

7                      means of interstate or foreign commerce for the

8                      purpose of selling or distributing certain

9                      materials as described in the indictment;

10         Second:     That the Defendant knew, at the time of such

11                     use of a facility or means of interstate or

12                     foreign commerce, that the materials were of a

13                     sexually oriented nature; and

14         Third:      That the materials were obscene.

15      The term "facility or means of interstate commerce"

16  includes private and commercial interstate carriers.  United

17  Parcel Service (commonly known as "UPS") is a facility and means

18  of interstate commerce as defined.

19

20

21

22

23

24

25

1

## INSTRUCTION NO. 23

2

"OFFENSE INSTRUCTION - COUNT THREE"

3      Count Three of the indictment charges that: On or about

4  October 20, 2006, in Los Angeles County, within the Central

5  District of California, and elsewhere, Defendant IRA ISAACS,

6  doing business as "Stolen Car Films" and "LA Media," knowingly

7  used an express company, common carrier, and interactive

8  computer service, for carriage in interstate commerce and

9  delivery to a location outside the State of California, packages

10  which contained the following obscene pictures and film, namely,

11  the movie titled "HOLLYWOOD SCAT AMATEURS NO. 7."

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## INSTRUCTION NO. 24

2

"STATUTE DEFINING THE OFFENSE – COUNT THREE"

3    Section 1462 of Title 18 of the United States Code

4  provides, in relevant part, that:

5          "Whoever . . . knowingly uses any express company or

6          other common carrier or interactive computer service

7          . . . for carriage in interstate or foreign commerce

8          . . . any obscene . . . picture, motion-picture film,

9          . . . or other matter of indecent character . . ."

10  shall be guilty of an offense against the United States.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INSTRUCTION NO. 25**

"ELEMENTS OF THE OFFENSE – COUNT THREE"

The Defendant can be found guilty of violating Title 18, United States Code, Section 1462 only if all of the following facts are proved beyond a reasonable doubt:

> First:  That the Defendant knowingly used a common carrier to transport certain materials as described in the indictment in interstate commerce, from California to Virginia;
>
> Second:  That the Defendant knew, at the time of such transportation, that the materials were of a sexually oriented nature; and
>
> Third:  That the materials were obscene.

The term "common carrier" includes any person or corporation whose business is transporting goods and commodities for members of the public.  United Parcel Service (commonly known as "UPS") is a common carrier as defined.

1

## **INSTRUCTION NO. 26**

2

"OFFENSE INSTRUCTION – COUNTS FOUR AND FIVE"

3     Counts Four and Five of the indictment charge that: On or

4  about the following dates, in Los Angeles County, within the

5  Central District of California, and elsewhere, Defendant, IRA

6  ISAACS, doing business as "Stolen Car Films" and "LA Media,"

7  knowingly caused to be delivered by mail according to the

8  direction thereon to an address located in Los Angeles County,

9  non-mailable obscene matter, namely the movies with the

10 following titles:

11 COUNT   DATE                MOVIE TITLE

12 FOUR    April 7, 2011       "JAPANESE DOGGIE 3 WAY"

13 FIVE    April 7, 2011       "HOLLYWOOD SCAT AMATEURS NO. 10"

14

15

16

17

18

19

20

21

22

23

24

25

1

## INSTRUCTION NO. 27

2      "STATUTE DEFINING THE OFFENSE - COUNTS FOUR AND FIVE"

3           Section 1461 of Title 18 of the United States Code

4  provides, in relevant part, that:

5           "Whoever knowingly causes to be delivered by mail

6           according to the direction thereon [any non-mailable

7           matter] . . ."

8  shall be guilty of an offense against the United States.

9  Obscene matters are non-mailable.

**INSTRUCTION NO. 28**

"ELEMENTS OF THE OFFENSE – COUNTS FOUR AND FIVE"

The Defendant can be found guilty of violating Title 18, United States Code, Section 1461 only if all of the following facts are proved beyond a reasonable doubt:

First:      That the Defendant knowingly sent or caused to be sent certain materials using the United States mail;

Second:    That the Defendant knew, at the time of the mailing, that the materials were sexually oriented in nature; and

Third:     That the materials were obscene.

To use the mail is to act so that something will normally be sent through the mail in the normal course of business or reasonably foresee that the mail will be used. Where a person does an act with knowledge that the use of the mails will follow or where such use can reasonably be foreseen, then the person causes the mails to be used.

### INSTRUCTION NO. 29

"OBSCENITY – DEFINED"

An essential element the government must prove in Counts One, Two, Three, Four, and Five is that the materials charged are "obscene." Although the government must prove that the defendant generally knew the materials were of a sexually oriented nature, the government does not have to prove that the defendant knew or believed the materials were legally obscene.

The government does not have the burden to provide affirmative evidence that the materials charged are obscene, other than to place the materials themselves into evidence. Once the materials are placed into evidence by the government, they are considered the best evidence of what they represent and are sufficient in themselves for the determination of obscenity. This determination of obscenity must be made by you, using the three-part test I will describe to you shortly.

In the exercise of the fundamental constitutional right of free expression which all of us enjoy, sex may be portrayed, and the subject of sex may be discussed, freely and publicly. Material is not to be condemned merely because it contains passages or sequences that are descriptive of sexual activity. However, the constitutional right to free expression does not extend to that which is obscene. Said in another way, obscene material is not protected by the First Amendment to the United States Constitution.

31

1    To prove a matter is "obscene", the government must

2 satisfy a three-part test.

3    First: that the work appeals predominantly to prurient

4 interest;

5    Second: that it depicts or describes sexual conduct in a

6 patently offensive way; and

7    Third: that the material, taken as a whole, lacks serious

8 literary, artistic, political, or scientific value.

9    An appeal to "prurient" interest is an appeal to a

10 morbid, degrading, and unhealthy interest in sex, as

11 distinguished from a mere candid interest in sex.

12    The first test, therefore, is whether the predominant

13 theme or purpose of the material, when viewed as a whole and not

14 part by part, and when considered in relation to the intended

15 and probable recipients, is an appeal to the prurient interest

16 of an average person in the community as a whole or to the

17 prurient interest of members of a deviant sexual group.   In

18 making this decision, you must examine the main or principal

19 thrust of the material, when assessed in its entirety and based

20 on its total effect, not on incidental themes or isolated

21 passages or sequences.

22    The second test is whether the material depicts or

23 describes, in a patently offensive way, sexual conduct such as

24 ultimate sexual acts, normal or perverted, actual or simulated;

25

1   masturbation; excretory functions; or lewd exhibition of the

2   genitals.

3           These first two tests which I have described are to be

4   decided by you, applying contemporary community standards.  This

5   means that you should make the decision in the light of

6   contemporary standards that would be applied to by the average

7   person in this community, with an average and normal attitude

8   toward—and interest in—sex.  For purposes of this instruction,

9   this community is the community embraced by the Central District

10  of California.  The Central District of California includes Los

11  Angeles, Orange, Riverside, San Bernardino, San Luis Obispo,

12  Santa Barbara, and Ventura Counties.  Contemporary community

13  standards are those accepted in this community as a whole.  You

14  must decide whether the material would appeal predominantly to

15  prurient interests and would depict or describe sexual conduct

16  in a patently offensive way when viewed by an average person in

17  this community as a whole, that is, by the community at large or

18  in general.  Matter is patently offensive by contemporary

19  community standards if it so exceeds the generally accepted

20  limits of candor in the entire community as to be clearly

21  offensive.  You must not judge the material by your own personal

22  standards, if you believe them to be stricter than those

23  generally held, nor should you determine what some groups of

24  people may believe the community ought to accept or refuse to

25

33

1  accept.  Rather, you must determine the attitude of the

2  community as a whole.

3       However, the prurient-appeal requirement may also be

4  assessed in terms of the sexual interest of a clearly defined

5  deviant sexual group if the material in question was intended to

6  appeal to the prurient interest of that group, as distinguished

7  from the community in general.

8       If you find that the material meets the first two tests

9  of the obscenity definition, your final decision is whether the

10  material, taken as a whole, lacks serious literary, artistic,

11  political, or scientific value.  Unlike the first two tests,

12  this third test is not to be decided on contemporary community

13  standards but rather on the basis of whether a reasonable

14  person, considering the material as a whole, would find that the

15  material lacks serious literary, artistic, political, or

16  scientific value.  An item may have serious value in one or more

17  of these areas even if it portrays sexually oriented conduct.

18  It is for you to say whether the material in this case has such

19  value.

20       All three of these tests must be met before the material

21  in question can be found to be obscene.  If any one of them is

22  not met, the material would not be obscene within the meaning of

23  the law.

24       Having covered the three characteristics of obscenity,

25  there is one additional factor that you may consider and that is

34

1   the concept of "pandering."  You must make the decision whether

2   the materials are obscene under the test I have given you.  In

3   making this determination, however, you are not limited to the

4   materials themselves.  In addition, you may consider the setting

5   in which they were presented.  Examples of what you may consider

6   in this regard are such things as: manner of distribution,

7   circumstances of production, sale, and advertising.  The

8   editorial intent is also relevant.  What you are determining

9   here is whether the materials were produced and sold as stock-

10  in-trade of the business of pandering.  Pandering is the

11  business of purveying textual or graphic matter openly

12  advertised to appeal to the erotic interest of the customer.

13       The question of obscenity is to be answered by

14  application of the basic test recited earlier, but you may

15  consider the evidence of pandering to assist you in your

16  decision.  Such evidence is pertinent to all three prongs of the

17  basic test of obscenity.

18       In summary, evidence of pandering simply is useful in

19  applying the basic obscenity test where an exploitation of the

20  interest in titillation by pornography is shown with respect to

21  the material, lending itself to such exploitation through

22  pervasive treatment or description of sexual matters.  Such

23  evidence may support the determination that the material is

24  obscene, even though, in another context, the material may not

25  be obscene.

**INSTRUCTION NO. 30**

"INTERSTATE AND FOREIGN COMMERCE - DEFINED"

The instructions specifically relating to Counts One, Two, and Three of the indictment use the terms "interstate commerce" and "foreign commerce."  The term "interstate commerce" includes any movement of goods or articles from one state into another state.  The term "foreign commerce" includes commerce with a foreign country.

## INSTRUCTION NO. 31

### "DUTY TO DELIBERATE"

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, or course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 32**

"CONSIDERATION OF EVIDENCE - CONDUCT OF THE JURY"

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

38

1          The law requires these restrictions to ensure the parties

2     have a fair trial based on the same evidence that each party has

3     had an opportunity to address.   A juror who violates these

4     restrictions jeopardizes the fairness of these proceedings, and

5     a mistrial could result that would require the entire trial

6     process to start over.   If any juror is exposed to any outside

7     information, please notify the court immediately.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### INSTRUCTION NO. 33

"USE OF NOTES"

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

## INSTRUCTION NO. 34

2

"JURY CONSIDERATION OF PUNISHMENT"

3      The punishment provided by law for this crime is for the
4  court to decide.  You may not consider the punishment in
5  deciding whether the government has proved its case against the
6  defendant beyond a reasonable doubt.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INSTRUCTION NO. 35**

"VERDICT FORM"

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 36

### "COMMUNICATION WITH THE COURT"

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.