Michael Grant
michael.grant@usdoj.gov
Trial Attorney
United States Department of Justice
1400 New York Avenue, NW, Suite 600
Washington, D.C. 20005

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR-07-732-GHK |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S SENTENCING</u> <u>POSITION PAPER AND RESPONSE TO</u> <u>PRESENTENCE REPORT</u> |
| v. | |
| IRA ISAACS, | ) **SENTENCING HEARING: 8/6/2012** |
| Defendant. | ) |

Plaintiff United States of America, by and through its undersigned attorney, hereby files its Sentencing Position and Response to the Presentence Report for defendant IRA ISAACS ("defendant").  The government's sentencing position is based upon the attached memorandum of points and authorities, the Revised Presentence Report and the First Addendum to the Presentence Report prepared by the United States

//

//

Probation Officer and disclosed to the parties on August 1, 2012, the files and records in this case, and further evidence and argument as may be presented at the time of sentencing, or which the court may otherwise wish to consider at the time of sentencing.

```
Dated: August 1, 2012          Respectfully submitted,

                               _____/s/_____
                               Damon A. King
                               Deputy Chief
                               U.S. Department of Justice
                               Child Exploitation and Obscenity
                               Section
                               1400 New York Avenue, NW
                               Sixth Floor
                               Washington, D.C. 20005


                               _____/s/_____
                               Michael W. Grant
                               Trial Attorney
                               U.S. Department of Justice
                               Child Exploitation and Obscenity
                               Section
                               1400 New York Avenue, NW
                               Sixth Floor
                               Washington, D.C. 20005
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Ira Isaacs, doing business as "Stolen Car Films" and "L.A. Media," was convicted on April 27, 2012, following a jury trial before the Honorable Judge George H. King of: (1) one count of engaging in the business of selling or transferring obscene matter, in violation of Title 18, United States Code, Section 1466(a) (Count One); (2) one count of transportation of obscene matter for sale or distribution, in violation of Title 18, United States Code, Section 1465 (Count Two); (3) one count of importation or transportation of obscene matter, in violation of Title 18, United States Code, Section 1462 (Count Three); and (4) two counts of mailing obscene matter, in violation of Title 18, United States Code, Section 1461 (Counts Four and Five).

The defendant operated a business in which he engaged in the production, distribution, transportation, and sale of obscene videos which depict women engaging in sex acts while eating and ingesting feces and drinking urine, engaging in sexual intercourse with animals including dogs, and being bound and whipped. The defendant, utilizing the Internet, websites and computers that he owned and operated, sold and shipped via United Parcel Service ("UPS") and the U.S. Mail these videos, including the four specific videos that the jury found were obscene:

(1) Hollywood Scat Amateurs No. 7 (Counts One and Three): A video approximately one hour and twenty minutes in length. It includes various scenes of the defendant instructing a female to engage in various acts including oral sex on the defendant's penis that had been smeared in feces, urination, drinking urine,

and placing feces on her face and body and ingesting feces;

   (2)   Mako's First Time Scat (Count Two):  A video approximately two hours in length.  It includes various scenes of a female vomiting, drinking urine and vomit, and eating human feces during sex acts.  The video also shows men slapping the female, binding her with ropes, and repeatedly striking her with whips.  These acts cause the woman to cry, slump with pain, and leaves visible bruises, burns, and welts on her body;

   (3)   Japanese Doggy 3 Way (Count Four):  A video approximately one hour and thirty-seven minutes in length.  It includes various scenes of a female engaged in oral, anal, and vaginal sex with two full-sized Labrador Retrievers, one of which also ejaculates into the female's mouth;  and

   (4)   Hollywood Scat Amateurs No. 10 (Count Five):  A video approximately one hour and thirty-five minutes in length.  It includes the use and ingestion of feces during various sex acts among two females.

**II.   THE PRESENTENCE REPORT**

   On or about July 2, 2012, the United States Probation Office ("USPO") disclosed its Presentence Report ("PSR") and the Probation Officer's recommendation letter to the parties.  The PSR calculated a based offense level of 10, added five levels under § 2G3.1(b)(1)(A) because the offense involved distribution for pecuniary gain, added two levels under § 2G3.1(b)(3) because the offense involved the use of a computer or an interactive computer service, added four levels under § 2G3.1(b)(4) because the offense involved material that portrays sadistic and/or masochistic conduct and violence, and added four levels under §

4

3B1.1(a) because of the defendant's leadership role in the criminal activity which involved five or more participants. (PSR ¶¶ 23-30.)  The Probation Officer considered, but did not apply, a two-level enhancement under § 3A1.1, vulnerable victim, finding there is a disputed fact between the government and defendant as to whether Mr. Isaacs supplied drugs to Ms. Amanda Tibbetts, taking advantage of her addiction to illegal drugs to coerce her to perform certain acts in his movies, which the Probation Officer was unable to resolve.  The Probation Officer also considered, but did not apply, a two-level reduction under § 3E1.1(a), because of defendant's post-conviction conduct of continuing to sell the same kind of obscene material of which he was convicted at trial for selling. (PSR ¶¶ 33-35.)  The PSR calculated a criminal history of I, based on the fact that the defendant has no known criminal history. (PSR ¶¶ 40-46.)  Thus, the PSR concluded defendant's applicable Sentencing Guidelines range, based on the total offense level of 25, to be 57 to 71 months of imprisonment (having not applied a two-level increase under § 3A1.1, vulnerable victim, because facts are in dispute between the parties which the Probation Officer was unable to resolve).  (PSR ¶ 76.)

    On or about July 24, 2012, the defendant filed objections to the PSR, specifically: (1) that he was not given a two-level reduction for acceptance of responsibility under § 3E1.1(a); (2) that a four-level enhancement was applied for his role in the offense under § 3B1.1(a); and (3) which college/university the PSR stated he had graduated from and when.

    On or about August 1, 2012, the USPO disclosed a revised PSR

to the parties which corrected information concerning which college/university the defendant had graduated from and when. The USPO also disclosed an Addendum to the PSR responding to the defendant's other two objections.

In response to the defendant's objection that he was not given a two-level reduction for acceptance of responsibility under § 3E1.1(a) despite never having denied producing the distributing the materials that were determined to be obscene, the Probation Officer maintains that defendant's post-conviction conduct should be considered by the Court and that his conduct undermines defendant's claims that he has accepted responsibility for the conduct for which he was convicted. (Addendum ¶ 1.) The government agrees with the Probation Officer's position which is supported by United States v. Cooper, 912 F.2d 344, (9th Cir. 1990), in which the Ninth Circuit upheld the district court's denial of a two-level reduction for acceptance of responsibility where, after the defendant pled guilty to fraud charges, the defendant continued to engage in fraudulent activity. The Ninth Circuit found that the district court "legitimately considered evidence of [defendant]'s continued criminal conduct... to belie her professions of remorse and acceptance of responsibility for the offense of conviction." Id. at 348.

In response to the defendant's objection and argument that four levels should not have been added under § 3B1.1(a) because he claims he never had more than three employees at one given time, the Probation Officer maintains that the four-level enhancement was correctly applied in this case because the case material clearly shows that at least seven individuals in

addition to the defendant were involved in the production and distribution of the materials and under § 3B1.1(a) a four-level enhancement applies if the criminal activity "involved five or more participants." The Guidelines do not require that those individuals be participating in the offense at the same time. (Addendum ¶ 2.) The government also agrees with the Probation Officer's position on the applicability of the four-level enhancement under § 3B1.1(a) in this case.

The government respectfully requests that the Court adopt the factual findings of the PSR in this matter. The government has no objections to the findings provided in the PSR, intending to present evidence at sentencing in support of the application of a two-level increase under § 3A1.1, vulnerable victim, and the facts that are in dispute between the parties with respect to same.

**III. THE GOVERNMENT'S RECOMMENDATION**

The government respectfully requests that the Court impose the following sentence: (a) a term of imprisonment within the advisory Guidelines range (70-87 months if the Court finds the two-level vulnerable victim increase under § 3A1.1 applies; 57-71 months if the Court finds it does not apply); (b) a three-year term of supervised release; (c) a $10,000 fine; and (d) a special assessment of $500. The government also respectfully requests that the Court adopt the terms and conditions of supervised release recommended by the USPO, enter the (Proposed) Preliminary Order of Forfeiture as jointly agreed to by the parties, and incorporate the Preliminary Order of Forfeiture by reference into the Court's Judgment as a final order as to the defendant.

A. <u>Analysis Under 18 U.S.C. § 3553(a)</u>

The sentence recommended by the government is reasonable within the meaning of Title 18, United States Code, Section 3553(a). <u>United States v. Booker</u> requires the Court to consider the factors identified in Section 3553(a) when imposing sentence. 543 U.S. 220 (2005). Among the factors to be considered are: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to promote respect for the law; to afford adequate deterrence to criminal conduct; protect the public from future crimes of the defendant; and the Sentencing Guidelines. 18 U.S.C. § 3553(a). The government's recommended sentence serves all of the § 3553(a) factors.

**V. CONCLUSION**

For all of the foregoing reasons, a sentence of (a) a term of imprisonment within the advisory Guidelines range (70-87 months if the Court finds the two-level vulnerable victim increase under § 3A1.1 applies; 57-71 months if the Court finds it does not apply); (b) a three-year term of supervised release; (c) a $10,000 fine; and (d) a special assessment of $500. (a) 33 months of imprisonment; (b) three years of supervised release; and (c) a special assessment of $100 is reasonable and warranted by the Section 3553(a) factors.

Dated: August 1, 2012

```
                          Respectfully submitted,

                          _____/s/_____
                          Damon A. King
                          Deputy Chief
                          U.S. Department of Justice
                          Child Exploitation and Obscenity
                          Section
                          1400 New York Avenue, NW
                          Sixth Floor
                          Washington, D,C. 20005
                          (202) 307-1982 (phone)
                          (202) 514-1793 (fax)
                          Damon.king@usdoj.gov


                          _____/s/_____
                          Michael W. Grant
                          Trial Attorney
                          U.S. Department of Justice
                          Child Exploitation and Obsnceity
                          Section
                          1400 New York Avenue, NW
                          Six Floor
                          Washington, D.C. 20005
                          (202) 307-1982 (phone)
                          (202) 514-1793 (fax)
                          Michael.grant@usdoj.gov
```

**CERTIFICATE OF SERVICE**

I, Michael W. Grant, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the GOVERNMENT'S SENTENCING POSITION PAPER AND RESPONSE TO PRESENTENCE REPORT was filed on August 1, 2012 by CM/ECF which will send electronic copies to counsel for the defendant, Roger Jon Diamond, 2115 Main Street, Santa Monica, California 90405. Also, on August 1, 2012, the Government mailed a paper copy to the counsel of defendant, Roger Jon Diamond, at 2115 Main Street, Santa Monica, California 90405.

_____/s/_____
MICHAEL W. GRANT
U.S. Department of Justice
Trial Attorney,
Child Exploitation and
Obscenity Section
1400 New York Avenue, NW
Sixth Floor
Washington, DC 20530
(202) 514-6715 (phone)
(202) 514-1793 (fax)
michael.grant@usdoj.gov