UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 07-732(A)-GHK | Date | September 27, 2012 |
|---|---|---|---|

| Present: The Honorable | **GEORGE H. KING, CHIEF UNITED STATES DISTRICT JUDGE** |
|---|---|

| Interpreter | N/A |
|---|---|

| Beatrice Herrera | Not Reported | Michael Grant/Damon King – N/P |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| IRA ISAACS | NO | | X | ROGER DIAMOND | NO | | X |

| Proceedings: | **(In Chambers) Order re:** Joint Status Report Regarding Vulnerable Victim Adjustment [Dkt. No. 251] |
|---|---|

On September 9, 2012, the Parties submitted a Joint Status Report Regarding the Vulnerable Victim Adjustment. We have considered the Parties' arguments, and rule as follows.

The Government does not appear to contest that Ms. Tibbets and Ms. Gray ("Tibbets" and "Gray") are not victims of the offenses of conviction. The vulnerable victim adjustment may still apply, however, to the extent that the "relevant conduct" of the offenses involved exploiting vulnerable victims "in preparation of" those offenses. *See United States v. Salahmand*, 651 F.3d 21, 27 (D.C. Cir. 2011) ("[T]he 2-level adjustment of § 3A1.1(b)(1) applies not only to victims of the offense of conviction, but also to victims of the defendant's relevant conduct."); *United States v. Haggard*, 41 F.3d 1320, 1325-26 (9th Cir. 1994) (holding "that courts properly may look beyond the four corners of the charge to the defendant's underlying conduct in determining whether someone is a 'vulnerable victim' under section 3A1.1"); USSG § 1B1.3(a)(1)(B) and (a)(3). Thus, harm the Defendant did to Tibbets and Gray in producing the obscene videos may support a vulnerable victim adjustment.

But the Parties' Joint Status Report does not address the central issue of whether Tibbets and Gray were victims of the offenses or co-participants. To properly be considered "victims," the Government must show that Tibbets and Gray did not or could not consent to participate in the obscene videos. Otherwise, if Tibbets and Gray consented, then as consenting adults who helped produce obscene materials, they are better characterized as co-participants in the offenses than as victims.

The Government has failed to make the required showing – and cites no authority to support the view – that Tibbets and Gray did not consent and therefore were victims rather than co-participants. Drug addiction by itself does not appear sufficient to vitiate consent. *See United States v. Shryock*, 342 F.3d 948, 979 (9th Cir. 2003) (affirming district court's finding that a drug addict consented to video recordings). Accordingly, no evidentiary hearing on this issue is required. Our tentative view is that the vulnerable victim sentencing adjustment does not apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |