```
ROGER JON DIAMOND
2115 Main Street
Santa Monica, CA 90405
(310) 399-3259
(310) 392-9029
State Bar No. 40146


Attorney for Defendant & Appellant
Ira Isaacs
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> IRA ISAACS, ) <br> ) <br> Defendant ) <br> _____) | CASE NO. No. CR 07-732 GHK <br><br> CORRECTED NOTICE OF MOTION FOR ORDER ALLOWING DEFENDANT AND APPELLANT ISAACS TO REMAIN FREE ON HIS PREVIOUSLY FILED PERSONAL SURETY BOND PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> DATE:   April 1 2013 <br> TIME:   3:30 P.M. <br><br> PLACE:  Courtroom 650 <br><br> Hon. George King |

TO THE UNITED STATES OF AMERICA, PLAINTIFF AND APPELLEE AND TO DEPARTMENT OF JUSTICE ATTORNEYS DAMON KING AND MICHAEL W. GRANT AND LOCAL ASSISTANT U.S. ATTORNEY CURTIS A. KIN:

PLEASE TAKE NOTICE that on April 1, 2013 at 3:30 P.M. or as soon thereafter as counsel can be heard in Courtroom 650 at the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012 Defendant and Appellant Ira Isaacs hereby will move the United States District Court for the Central District of California for an order pursuant to Title 18, United States Code,

1

1  Section 3143 permitting him to remain free on his personal surety
2  bond pending appeal in this matter.
3  　　　Said motion is based upon this notice, the trial record in
4  this case, and upon the following Memorandum of Points &
5  Authorities.
6  　　　Defendant and Appellant Isaacs has not selected a day for the
7  hearing of the motion because he is not certain of the availability
8  of the Court and the availability of opposing counsel.
9
10 　　　　　　　　　　　　　　　　　　Respectfully submitted,
11 　　　　　　　　　　　　　　　　　　"S/ROGER JON DIAMOND"
   　　　　　　　　　　　　　　　　　　ROGER JON DIAMOND
12 　　　　　　　　　　　　　　　　　　Attorney for
   　　　　　　　　　　　　　　　　　　Defendant & Appellant
13 　　　　　　　　　　　　　　　　　　Ira Isaacs
   　　　　　　　　　　　　　　　　　　(Appointed By Ninth Circuit)
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**INTRODUCTION**

On January 16, 2013 this Honorable Court sentenced Defendant Isaacs to 48 months in prison and directed that he surrender no later than noon on February 19, 2013. Isaacs then moved the Court for an order allowing him to remain free on the same bond pending appeal. This Court denied the oral motion without prejudice. This Court then stated on January 16, 2013:

> "If you want to make a motion and try make such showing either to me or to the Circuit, that's fine.. . ." See Transcript of hearing of January 16, 2013, p. 5, lines 20-21.

Defendant Isaacs filed a Notice of Appeal on January 18, 2013, a motion for leave to proceed in forma pauperis, and for appointment of counsel on appeal.

Relying upon this Court's statement that such a motion could be filed either with the District Court <u>or</u> with the Circuit, after counsel was appointed Defendant Isaacs filed with the Ninth Circuit Court of Appeals a bail motion and the transcript of the proceedings regarding the District Court bail motion.

Isaacs' counsel was advised by the Ninth Circuit that by virtue of Ninth Circuit Rule 9-1.2(e), the filing of a bail motion with the Ninth Circuit while Isaacs was not in custody automatically allowed Defendant Isaacs to remain free on bond pending resolution of the bail motion filed with the Ninth Circuit.

As of February 19, 2013, the surrender date, the Ninth Circuit had not acted upon the bail motion.

3

On February 19, 2013, not having heard from the Ninth Circuit by February 19 Defendant Isaacs filed with this Court an ex parte request to stay the surrender date until this Court could hear a bail motion should it be denied by the Ninth Circuit. On February 20, 2013, too late to surrender by February 19,2013, the Ninth Circuit denied the bail motion without prejudice to its being renewed in the District Court. Accordingly, Defendant Isaacs respectfully submits this bail motion pursuant to Title 18,United States Code, Section 3143.

## II

## STATEMENT OF FACTS

The relevant facts necessary for this Court to rule on the bail motion are already in the record in this case.

The Court file, docket, and pleadings reveal that Isaacs was indicted in August of 2007. He was sent a summons which requested his appearance in the District Court and he voluntarily appeared in response to the summons and was released upon a $10,000 unsecured appearance bond. The case was initially assigned to the Honorable George King of this District Court but later the case was reassigned to Ninth Circuit Judge Alex Kozinski, who presided over pretrial proceedings including a Daubert hearing to determine whether Isaacs could testify as an expert with respect to the artistic nature of the movies. Judge Kozinski conducted the Daubert hearing with respect to Isaacs as well as with respect to a proposed psychiatrist, Dr. Nair. During the first trial before Judge Kozinski an issue arose concerning an alleged pornographic web site maintained by Judge Kozinski. See <u>In Re Complaint of</u>

1     Judicial Misconduct, 575 F.3d 289 (3rd Cir. 2009).  At page 280 of
2 the Third Circuit decision it is noted that Judge Kozinski declared
3 a mistrial and recused himself.
4     Subsequently, the case was reassigned to Judge King who
5 entertained a defense motion to dismiss on double jeopardy grounds.
6 That motion was denied and the Ninth Circuit affirmed, U.S. v.
7 Isaacs, 359 Fd. Appx. 875 (9th Cir. 2010), cert.den. 130 S.Ct. 1359
8 (2010).
9     Prior to the second trial before Judge King, Judge King
10 conducted a Daubert hearing regarding the proposed artistic
11 testimony by Isaacs. The Court ruled that Isaacs would not be able
12 to testify as an expert.  The Court cited a District Court decision
13 but there was and is no Ninth Circuit or U.S. Supreme Court right
14 on point.  Because the defense ran out of money Dr. Nair was not
15 called as a witness. He had been ready to testify at the first
16 trial in front of Judge Kozinski. He was available and on call when
17 Judge Kozinski declared the mistrial over the objection of the
18 defense.
19     The second trial proceeded before Judge King.  Defendant
20 Isaacs testified but not as an expert.  Dr. Nair did not testify.
21 He would have testified as an expert and did testify at a Daubert
22 hearing in front of Judge Kozinski.
23     The second trial resulted in a hung jury and a declaration of
24 mistrial.
25     The third trial resulted in guilty verdicts on April 27, 2012.
26 Sentencing was substantially delayed through no fault of Isaacs.
27 Isaacs has not contributed to any delay in this matter.   He has
28

1 made every single court appearance.

2 Defendant Isaacs appeared before the Court on January 16, 2013
3 for the sentencing hearing. After Isaacs was sentenced to 48 months
4 in prison the Court allowed him to remain free until February 19,
5 2013 and during that time Isaacs filed a Notice of Appeal and was
6 allowed to proceed in forma pauperis by the Ninth Circuit, which
7 appointed attorney Diamond to continue to represent Mr. Isaacs on
8 appeal.

9 By virtue of Circuit Rule 9-1.2(e), Isaacs did not surrender
10 on the deadline of February 19, 2013. Isaacs had filed a request
11 for an emergency stay but the Ninth Circuit was of the opinion that
12 the stay was automatic until the bail motion could be resolved.

13 Isaacs filed with this District Court an ex parte request to
14 extend the surrender date on February 19, 2013 because the Ninth
15 Circuit had not yet acted by 12 noon on February 19, 2013.

16 With respect to the third trial, this District Court
17 drastically limited the testimony of Isaacs in conformity with this
18 Court's ruling on the Daubert motion and also with respect to
19 Isaacs' ability to testify as a lay person. During the third
20 trial the District Court frequently interrupted counsel during
21 closing argument and also admonished him.

22 During jury deliberations the jury sent a note to the Court
23 inquiring about a particular definition regarding prurient appeal.
24 The District Court modified the instruction previously given after
25 closing argument.

26 This motion has been prepared without benefit of the
27 transcripts of the trial. Defendant Isaacs's attorney is relying
28

upon his memory with respect to what occurred during the trial. Defendant Isaacs does not yet have transcripts of the trial although preparation has been requested.

Defendant Isaacs is broke. The Ninth Circuit has already allowed him to proceed in forma pauperis. The Ninth Circuit has also appointed appellate counsel. Accordingly, Defendant Isaacs is no threat to flee the jurisdiction. He has made every court appearance since August of 2007 and has nowhere to go.

Furthermore, pursuant to stipulation this Court forfeited Isaacs' web sites, equipment, and masters. Therefore, Isaacs posses no threat to the community. He would like to get a job to support himself while the appeal is pending.

### III

### **ARGUMENT**

**A.    INTRODUCTION**

With respect to the instant motion there are three issues the District Court must analyze under Title 18, United States Code, Section 3143. First, the Court should decide whether Isaacs is or is not likely to flee. Second, the Court must determine whether Isaacs posses a danger to the safety of any other person or of the community.

With respect to these first two points Defendant Isaacs respectfully submits that the evidence is overwhelming that he is neither a flight risk nor is he a threat to the safety of the community. Isaacs has been destroyed by this case. He has no business left. He is not likely to flee because he has no money and would not flee in any event. He has been supervised by

1   Pretrial Services and would continue to be supervised while the
2   appeal is pending.  For Isaacs' background this Court does have
3   the benefit of the pre sentence report.
4       This leaves the third question, whether the purpose of the
5   appeal is for delay and whether the appeal raises substantial
6   questions of law or fact likely to result in reversal and/or an
7   order for a new trial.
8       Defendant Isaacs must walk a tightrope here because Defendant
9   Isaacs does not want to alienate the Court but does wish to point
10  out areas for reversal by the Ninth Circuit.  In this respect the
11  bail issue is governed by <u>United States v. Montoya</u>, 908 F.2d 450
12  (9th Cir. 1990); <u>United States v. Handy</u>, 761 F.2d 1279 (9th Cir.
13  1985).
14      Defendant Isaacs respectfully submits that he should have been
15  permitted to testify as an expert with respect to the artistic
16  nature of the movies.  Art does not have to be pretty or
17  aesthetically pleasing. Art can be ugly and disturbing. In any
18  event, it was up to the jury to make the decision.  Defendant
19  Isaacs is not arguing that this Court had no right to express its
20  view or opinion of the movies.  Defendant Isaacs is well aware
21  that at sentencing this Court stated that Isaacs abused the First
22  Amendment.  Isaacs does not believe that an amendment can be
23  abused. In any event, this Court did not as far as it can be
24  determined intend to make a factual finding regarding the movies.
25  As stated, Defendant Isaacs was entitled to have the jury make that
26  decision.  Some of the jurors in the second trial did not believe
27  the movies were obscene.  Not only did the Court's ruling on the
28

March 1, 2013
Isaacs
remainfree

1  Daubert hearing result in an unnecessary restriction of the ability
2  of Isaacs to testify on his own behalf as an expert, while on the
3  witness stand Defendant Isaacs was also limited unnecessarily with
4  respect to his lay testimony.  On numerous occasions this Court
5  admonished Isaacs.  The right of a defendant in a criminal case to
6  testify in his own behalf is extremely important.  Especially when
7  matters of art and taste are involved trial courts should give
8  defendants leeway with respect to expressing their opinions.
9  This was not a case involving technical evidence where the jury
10 might be misled by a crack pot scientist discussing technical or
11 scientific issues.  By its very nature art is controversial.  The
12 District Court expressed dismay at the time of sentencing when it
13 noted that the movies in question had never been exhibited at an
14 art gallery.  While that may be a factor in the jury's
15 consideration of the evidence there is no necessity that a work of
16 art be displayed in an art gallery.  That is not a legal
17 requirement.
18     In addition to the unnecessarily severe restrictions on
19 Isaacs' testimony, the Court also substantially interfered with
20 closing argument by his attorney.  This Court even sustained its
21 own objections without their having been an objection by the
22 Government.   The United States Supreme Court in Herring v. New
23 York, 422 U.S. 853 (1975) held that closing argument was a
24 fundamental part of a criminal trial.  Indeed, it is ever more
25 important when a jury is considering the evidence and especially
26 when there is so much subjectivity involved in an obscenity case.
27 The Supreme Court stated, 422 U.S. at 862, 95 S.Ct. at 2555,
28

> "It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective version of the case as a whole. . . .
> . . .
> In a criminal trial, which is in the end basically a fact finding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment."

During jury deliberation a question arose as to the definition of prurience. Although the case had already been argued the Court did change the instruction.

**B.** **THE EVIDENCE TO SUPPORT THIS MOTION IS IN THE RECORD**

In resisting Isaacs motion for bail filed with the Ninth Circuit the Government argued that Isaacs did not present any evidence to support his motion. Isaacs did submit his pre sentence report. He could not present evidence other than what was contained in the pre sentence report because the evidence was presented to the District Court at trial and pre trial and post trial proceedings.

The "evidence" to support the motion for bail has to do with procedural errors committed in the trial court, not tangible evidence.

Defendant Isaacs does not know what more he could present by way of his flight risk other than his age, his lack of employment, his lack of financial ability to leave, and his unfailing attendance at every single court appearance for almost seven years.

10

1   He has not delayed this case.  The most recent delay was
2   caused by the District Court not setting the sentencing hearing
3   after the April 2012 verdicts until January 2013.
4   Isaacs earlier appeal to the Ninth Circuit on the double
5   jeopardy issue was not done for delay but because he seriously
6   believed his right to be free from double jeopardy was violated in
7   this case.  This Honorable Court graciously allowed Isaacs to
8   pursue his appeal to the Ninth Circuit and to the U.S. Supreme
9   Court.
10  Isaacs is not motivated by delay but by a sincere desire to
11  have his conviction overturned on appeal based upon constitutional
12  error.   That is his right as a citizen of this fine country. Not
13  only is Isaacs protected by the First Amendment to the United
14  States Constitution (free speech), he is also protected by his due
15  process right and to a fair trial. He is protected by the right to
16  a jury trial and the right to present closing argument to a jury.
17  These are fair questions subject to review by the Ninth Circuit.
18  Isaacs does not have to prove that he will win, but rather the
19  questions presented are substantial.  The right of a defendant in
20  an obscenity case to render an artistic opinion has not been
21  resolved.   There is no Ninth Circuit authority on the <u>Daubert</u> issue
22  raised by this case.

### IV

### CONCLUSION

25  For the foregoing reasons and for reasons to be advanced at
26  the hearing on this motion should the Court set a hearing Defendant
27  Ira Isaacs respectfully asks this Honorable Court to allow him to
28

11

1 remain free pending appeal in this matter.  Isaacs prepared and
2 filed a motion for bail before this Court entered its order
3 vacating the surrender date of February 19, 2013.  Although the
4 Rules of Court require that a date be set on a motion the Defendant
5 did not set a date on the motion filed February 20, 2013 because at
6 the time the motion was filed Isaacs surrender date of February 19,
7 2013 came and went because the Ninth Circuit did not act until
8 February 20th.  Isaacs was going to surrender on the following day
9 after the Ninth Circuit entered its order. The pendency of the
10 motion before the Ninth Circuit, which was not acted upon until
11 Wednesday February 20, 2013, acted to vacate as a matter of law his
12 surrender date of February 19th.  However, out of an abundance of
13 caution and out of respect for the District Court Defendant Isaacs
14 filed an application for further stay on February 19 prior to his
15 surrender time.

16 The District Court did not act upon the application for the
17 stay until just shortly before Isaacs was going to surrender.  The
18 condition of permitting Isaacs to remain free temporarily pending
19 his motion for bail required that he file a proper bail motion.
20 He was given ten days to file a proper bail motion and if he did so
21 he could remain free.

22 Isaacs is concerned that the motion for bail filed on February
23 20 was not "a proper" motion because it did not have a date on the
24 motion.

25 It is Defendant Isaacs understanding that bail motions have to
26 be filed at least 28 days in advance of the hearing on the motion.
27 Accordingly, Defendant Isaacs revised his previously filed bail
28

12

1  motion, which did not have a hearing date, to include the date of
2  April 1, 2013 at 3:30 P.M. which is the day and time the Court
3  normally hears such motions.  Defendant Isaacs refiled his bail
4  motion with the date of April 1, 2013 because the court clerk
5  indicated that the prior motion filed without a date was
6  "defective."
7     Upon consideration it now appears that there is a slight error
8  in the bail motion filed with the date . Specifically, the motion
9  filed February 27, 2013 correctly states the date of the hearing -
10 April 1, 2013 at 3:30 P.M. - which is the correct date because it
11 provides at least 28 days advance notice, but the last sentence at
12 page 12 is incorrect.  It was copied from the prior motion because
13 it states that Isaacs would surrender on February 21, 2013. That is
14 obviously an error since the motion itself was not filed until
15 February 27, 2013.  Defendant Isaacs apologizes to the Court for
16 the error contained in the last sentence of the previously filed
17 bail motion. The last sentence should not have been copied from the
18 first bail motion filed February 20, 2013, which did state that
19 Isaacs would surrender on Thursday February 21.

20                              Respectfully submitted,

21                              "S/ROGER JON DIAMOND"
                                ROGER JON DIAMOND
22                              Attorney for
                                Defendant & Appellant
23                              Ira Isaacs Under (Appointment by
                                The Ninth Circuit)

13