UNITED STATES DISTRICT COURT     E-Filed
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 07-732(A)-GHK | Date | March 22, 2013 |
|---|---|---|---|

| Present: The Honorable | **GEORGE H. KING, CHIEF UNITED STATES DISTRICT JUDGE** |
|---|---|

| Interpreter | N/A |
|---|---|

| Beatrice Herrera | Not Reported | Michael Grant/Damon King – N/P |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| IRA ISAACS | NO |   | X | ROGER DIAMOND | NO |   | X |

**Proceedings:**     **(In Chambers) Order re:** Defendant's Motion for Bond (Dkt. No. 275)

      This matter is before us on Defendant's Motion for Bond ("Motion"). We have considered the papers filed in support of and in opposition to this Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts in this case, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.**    **Background**

      On April 27, 2012, Defendant was convicted following a jury trial of: (1) one count of engaging in the business of producing and selling obscene matter, in violation of 18 U.S.C. § 1466(a); (2) one count of using a facility and means of interstate and foreign commerce and interactive computer service to sell and distribute obscene material, in violation of 18 U.S.C. § 1465; (3) one count of using an express company common carrier and interactive computer service to transport obscene material, in violation of 18 U.S.C. § 1462(a); (4) two counts of mailing obscene matter, in violation of 18 U.S.C. § 1461. (*See* Dkt Nos. 235, 231). On January 16, 2013, we sentenced Defendant to 48 months imprisonment, three years of supervised release, and a fine of $10,000. On February 8, 2013, Defendant filed a motion for bond with the Ninth Circuit. On February 20, 2013, the motion was denied without prejudice to renewal, following presentation of a properly filed bail motion to us. On the same day, Defendant filed the instant Motion.

**II.**    **Analysis**

      18 U.S.C. § 3143(b)(1) controls the release of a defendant pending his or her appeal. It provides, in relevant part, that we "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained," unless we find that (1) the person is not likely to flee or pose a danger to the safety of any other person or the community by clear and convincing evidence; (2) the appeal is not for the purposes of delay; and (3) the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence that does not include a term of imprisonment. The Government disputes only whether Defendant is a danger to the community and whether Defendant has made a

UNITED STATES DISTRICT COURT                    E-Filed
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

sufficient showing that the appeal raises substantial questions of law or fact likely to result in reversal or a new trial.

### A. Danger to the Community

The "danger" contemplated by § 3143(b)(1)(A) includes physical and economic harm. *See United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir. 1992). The Government argues that Defendant's post-conviction criminal misconduct, i.e., his continued sale and distribution of obscene materials after his conviction and stipulation to forfeiture, demonstrates "unequivocally that he is a continued threat to the community." (Opp'n 13-14). The Government, however, cites no authority to support the proposition that exposure to obscene materials constitutes a relevant "danger" within the meaning of § 3143(b)(1)(A). Defendant asserts that he is not a threat to the safety of the community, as evidenced by the nature of the charged crime, his conduct during the proceedings, and his background as presented in the pre-sentence report. The Government does not counter Defendant's assertion with any showing that Defendant poses a danger to the community by way of physical or economic harm. We find that Defendant has demonstrated by clear and convincing evidence that he does not pose a danger to the community within the meaning of 18 U.S.C. § 3143(b)(1)(A).

### B. Substantial Questions of Law or Fact Likely to Result in Reversal, a New Trial, or a Sentence that Does Not Include a Term of Imprisonment

To prevail on the instant Motion, Defendant must also demonstrate that his appeal presents a substantial question of law or fact that is likely to result in one of the conditions set forth under § 3143(b)(1)(B). This requirement has two prongs. First, Defendant must show that his appeal presents a "substantial question." *United States v. Handy*, 761 F.2d 1279, 1280-81 (9th Cir. 2003). "A 'substantial question' is one that is fairly debatable or fairly doubtful; it is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Montoya*, 908 F.2d 450, 450 (9th Cir. 1990). Second, Defendant must also show that the question, if decided in his favor, is the type of question that is "likely to result in reversal or an order for a new trial" (or other relevant conditions under § 3143(b)(1)(B)). *Handy*, 761 F.2d at 1280-81.

Defendant argues that his appeal will raise the following four questions: (1) whether he should have been permitted to testify as an expert on the artistic nature of the movies, (Reply 8); (2) whether we unduly limited the scope of his lay testimony by not giving him enough "leeway to explain the artistic nature of the movie," (Reply 9); (3) whether we substantially interfered with Defense Counsel's closing argument; and (4) whether we impermissibly modified the definition of prurient interest upon a question from the jury during their deliberation.

#### 1. Exclusion of Defendant as An Art Expert

Defendant argues that the admissibility of his expert testimony on the artistic nature of his movies is a "fairly debatable" question, given that (1) Judge Kozinski, when presiding over the first trial, had deemed Defendant an expert following a *Daubert* hearing; and (2) no binding authority has specifically addressed this issue, and "an appellate court could conclude that when material presumptively protected by the First Amendment is the subject of an obscenity case[,] expert testimony should be encouraged, not discouraged, even where the defendant himself proposes to be the expert." (Reply 8).

UNITED STATES DISTRICT COURT     E-Filed
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Defendant's argument misses the mark. In arguing that the admissibility of his proposed art expert testimony is a fairly debatable question, Defendant implicitly assumes that this issue would be reviewed anew on appeal. However, it is well-established that a district court's decision to exclude expert testimony is committed to its broad discretion and reviewed for abuse of discretion, *United States v. Redlightening*, 624 F.3d 1090, 1110 (9th Cir. 2010). Thus, the question that must be "fairly debatable" to entitle Defendant to a finding of a "substantial question" is whether we abused our discretion in precluding Defendant's proposed art expert testimony. Defendant has offered no argument to this end – indeed, Defendant does not even address the basis of our *Daubert* ruling, in which we concluded that Defendant's proposed testimony is inadmissible under *Daubert* because he failed to demonstrate that his proposed opinion was supported by any reliable methodology. (*See* Dkt. No. 140, at 3-4). Instead, Defendant merely states that "it would be enlightening for the jury to at least know what the opinion is of an expert." (Reply 8). Such assertion does not address the basis of our evidentiary ruling, much less show that it is "fairly debatable" that we had abused our discretion. Accordingly, we conclude that the exclusion of Defendant's proposed expert testimony does not present a "substantial question."

### 2. Limitation on Defendant's Lay Testimony

Defendant's argument that there is a "substantial question" regarding whether we "unnecessarily and improperly restricted [Defendant]'s testimony as a layman explaining his own movies," (Reply 9), is unavailing for the same reason. As with the decision to exclude expert testimony, our determination of whether evidence is relevant is reviewed for abuse of discretion. *United States v. Alvarez*, 358 F.3d 1194, 1205 (9th Cir. 2004). Thus, the relevant inquiry, on this Motion, is whether it is "fairly debatable" that we abused our discretion in limiting Defendant's lay testimony to what we determined to be relevant.

Prior to trial, we had ruled that Defendant's intent in creating the movies is relevant to the legal inquiry at issue, i.e., whether a reasonable person would think the work has serious artistic value, and thus, we concluded Defendant may testify to his "goals, inspirations, and intended meaning" in creating any of the movies at issue. (Dkt. No. 140, at 5). At the same time, we concluded that Defendant's general opinion regarding the works' artistic value for movies he did not create is irrelevant. (*Id.*). On this Motion, Defendant does not address the basis of our relevance determination, and therefore makes no showing that suggests that we abused our discretion in our determination, or that we failed to follow our ruling at trial. Instead, Defendant merely asserts that "[a] defendant in an obscenity case who is the producer and director of the subject movie ought to be given some leeway to explain the artistic nature of the movie." (Reply 9). Defendant's conclusory assertion does not make it "fairly debatable" that our relevance ruling was an abuse of discretion. Accordingly, we conclude that Defendant has failed to demonstrate that our limitations on his lay testimony present a "substantial question."

### 3. Limitation on Defense Counsel's Closing Argument

Next, Defendant argues that the limitations we placed Defense Counsel's closing argument present a "substantial question." Defendant concedes that he cannot point to specific instances where permissible argument was limited by us because he has not yet obtained a copy of the transcript, but urges that we review the transcript in considering this Motion. Based on Defense Counsel's memory, Defendant asserts that we unduly limited the closing argument in the following manner: (1) admonishing counsel "even when the Government did not object," (Reply 13); (2) disallowing arguments relating to "psychological interests of an obvious nature that sexually explicit movies provide," (Reply 12); and (3) disallowing arguments regarding the

UNITED STATES DISTRICT COURT                E-Filed
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

First Amendment value of the movies, e.g., that "[i]t is no coincidence that countries that behead their citizens for blasphemy are probably less likely to allow sexually explicit materials to be exhibited to adults," and that "a country that allows pornography gains respect of all of its citizens and the people of the world because as distasteful as some pornography may be or certainly is, that a country would allow it is a reflection of the country's values in terms of freedom," (Reply 12-13).

Having reviewed a draft transcript of Defense Counsel's closing argument, we reject Defendant's argument that any of the identified limitations present a "substantial question." First, the transcript shows that at no point during Defense Counsel's closing argument did we interrupt him in the absence of the Government's objection. Moreover, on several occasions, we overruled the Government's objections. Thus, Defendant's first basis for undue limitations on his Counsel's closing argument is based on an inaccurate recollection. Second, as to the "psychological interests" of the movies, we assume that Defendant is referring to the argument relating the movies' alleged therapeutic value. Because there was no evidence of a therapist's opinion regarding the movies, we disallowed counsel's specific argument that the movies at issue are therapeutic to some people because they "make[] them feel that they are not alone in the universe, that other people have and share the same bizarre or weird sexual feelings that they do," providing "comfort to these people." Although we disallowed this specific argument, we allowed Defense Counsel to argue, in the context of arguing therapeutic values, that "it's a safe inference to say, that [some people who think about sex in a different way] do get something of value" from Defendant's movies. Thus, we in fact permitted Counsel to argue the movies' "psychological interest of an obvious nature." Defendant has made no showing that our determination of when Defense Counsel crossed the line from permissible common sense inference to impermissible expert opinion not in evidence was an abuse of discretion. Thus, Defendant has failed to bear his burden in showing that it is "fairly debatable" that we abused our discretion in limiting the scope of Defense counsel's argument relating to the purported therapeutic value of the movies.

Finally, as to Defense Counsel's argument relating to the purported First Amendment value of the movies, a review of the transcript shows that we sustained the Government's objections under the following circumstances: (1) when Defense Counsel veered into instruction on what the First Amendment provides; (2) when Counsel discussed whether most other countries have the equivalent of the First Amendment, a fact not in evidence; and (3) when Counsel stated that in some countries, one can get executed for exercising freedom of speech, another fact not in evidence. Defendant has made no showing that it is "fairly debatable" that we abused our discretion in making these rulings.

Accordingly, we conclude that our limitations on Defense Counsel's closing argument do not present a "substantial question."

### 4. Clarification of the Meaning of "Prurient Interest" Upon Question from Jury

Finally, Defendant argues that our clarification of the meaning of "prurient interest" upon a jury question during deliberation presents a "substantial question." Defendant concedes that he does not recall what precisely occurred, but asks that we review the transcript in considering this Motion.

Having reviewed the draft transcript, we believe that Defendant is referring to Jury Note No.2, wherein the jury asked the following question: "Under 'prurient' interest, must all 3 criteria be met? 'morbid, degrading, and unhealthy interest in sex'?" (*See* Dkt. No. 206). In Jury Instruction No. 29, we instructed that "[a]n appeal to 'prurient' interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as

distinguished from a mere candid interest in sex." The Parties had agreed on this instruction, which is based on § 2.63 of the Fifth Circuit Pattern Criminal Jury Instructions (2001). In response to the jury's question, we conducted further research on the issue and found that the Ninth Circuit had approved an instruction of prurient interest that construed the descriptive terms in the disjunctive. *See Polykoff v. Collins*, 816 F.2d 1326, 1336 (9th Cir. 1987). In *Polykoff*, the plaintiffs challenged Arizona's obscenity statute as overbroad based on the Arizona Supreme Court's construction of the term "prurient interest" in *State v. Bartanen*, 121 Ariz. 454 (1979). 816 F.2d at 1334-35. In *Bartanen*, a jury instruction defined "prurient interest" as "an unhealthy, unwholesome, morbid, degrading, or shameful interest in sex, a leering or longing interest." *Id.* at 1336. As was the case here, the *Bartanen* jury requested clarification on whether all of the following adjectives had to apply: unhealthy, unwholesome, morbid, degrading, and shameful." *Id.* The *Bartanen* trial judge "replied that the descriptive terms in the instructions are set forth in the alternative, and noted that the instructions were to be considered as a whole." *Id.* The Ninth Circuit, in *Polykoff*, upheld this disjunctive construction, concluding that the "'prurient interest' definition in *Bartanen* is [not] unconstitutionally overbroad." *Id.* 1336-37. Furthermore, in *Ripplinger v. Collins*, 868 F.2d 1042, 1054 (1989), the Ninth Circuit expressly recognized that it had "approve the *Bartanen* instruction." Based on these authorities and our view that the instruction, as written, clearly set forth the terms as a group of examples rather than as separate conjunctive criteria in order to distinguish a "prurient interest" in sex from a "candid interest" in sex, we clarified for the jury that the phrase "morbid, degrading, and unhealthy" does not list separate criteria; instead, they are "descriptive terms that describe what is a prurient interest" as opposed to a mere candid interest in sex, and therefore, the jury need not find that the movies satisfy all three descriptive terms to be "prurient."

Because Defendant does not articulate why our clarification presents a "substantial question" in the instant Motion, we look to his objection during the trial proceeding regarding Jury Note No.2. At the time, Defendant argued that "morbid, degrading, and unhealthy" are separate criteria that must be met, but did not dispute that relevant Ninth Circuit authorities construed these descriptive terms in the disjunctive. Instead, he argued only that the Parties had agreed on the instruction, which set forth the descriptive terms in the conjunctive, and that Defense Counsel had made closing argument in reliance upon the instruction as provided. We rejected this argument because other than general reminders to the jury to read and follow the instruction carefully, Defense Counsel could point to no instance during his closing argument in which he specifically relied on a conjunctive reading of the phrase "morbid, degrading, and unhealthy." Indeed, a review of Defense Counsel's closing argument shows that the only time he mentioned the phrase "morbid, degrading, and unhealthy" was when he quoted the jury instruction. At no point did Defense Counsel specifically argue or emphasize to the jury that they must find that the movies meet all three descriptive terms before they find that the movies appeal to a "prurient interest." We find that it is not "fairly debatable" that his Counsel had in fact relied on a conjunctive reading of the relevant jury instruction. Our clarification of the meaning of "prurient interest" therefore does not present a "substantial question."

In sum, we conclude that Defendant has failed to present any "substantial question" within the meaning of § 3143(b)(1)(B).

### III.   Conclusion

Based on the foregoing, Defendant's Motion is **DENIED**. Defendant shall surrender himself to the United States Marshal **within seven (7) days hereof**.

**IT IS SO ORDERED.**

| UNITED STATES DISTRICT COURT | E-Filed |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

## CRIMINAL MINUTES - GENERAL

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |