UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>IRA ISAACS, DBA LA Media, DBA Stolen Car Films,<br><br>Defendant - Appellant. | No. 13-50036<br><br>D.C. No. 2:07-cr-00732-GHK-1<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE** |



RECEIVED
CLERK, U.S. DISTRICT COURT

5/15/14

CENTRAL DISTRICT OF CALIFORNIA
BY: ____MAT____ DEPUTY

The judgment of this Court, entered March 25, 2014, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

> FOR THE COURT:
> Molly C. Dwyer
> Clerk of Court
>
> Craig Westbrooke
> Deputy Clerk

FILED

MAR 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> IRA ISAACS, DBA LA Media, DBA Stolen Car Films, <br><br> Defendant - Appellant. | No. 13-50036 <br><br> D.C. No. 2:07-cr-00732-GHK-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted March 5, 2014
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Ira Isaacs appeals from the final judgment of the district court following a jury trial. Isaacs was convicted on one count of engaging in the business of producing and selling obscene matter, 18 U.S.C. § 1466(a), one count of transportation of obscene matter for sale or distribution, 18 U.S.C. § 1465, one

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

count of transportation of obscene matter, 18 U.S.C. § 1462(a), and two counts of mailing obscene matter, 18 U.S.C. § 1461.  We affirm.

In determining whether a work is obscene, a jury must consider "whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest."  *Miller v. California*, 413 U.S. 15, 24 (1973) (quoting *Kois v. Wisconsin*, 408 U.S. 229, 230 (1972) (per curiam)).  Prior to closing argument, the district court adopted the parties' proposed jury instruction defining an "appeal to 'prurient' interest" in part as "an appeal to a morbid, degrading, and unhealthy interest in sex."  In response to a question posed by the jury, the district court observed that the instruction was erroneous because it listed the adjectives "morbid," "degrading," and "unhealthy" conjunctively rather than disjunctively.  *See Polykoff v. Collins*, 816 F.2d 1326, 1336-37 (9th Cir. 1987) (upholding against an overbreadth challenge an instruction to the jury under an Arizona obscenity statute that incorporated the federal definition of "prurient interest" and holding that the jury should consider the terms "unhealthy," "wholesome," "morbid," "degrading," and "shameful" "in the alternate" and did not need to conclude that all applied (citing *State v. Bartanen*, 591 P.2d 546, 550 (Ariz. 1979))).  Accordingly, the district court revised its instruction to read "morbid, degrading, or unhealthy."

On appeal, Isaacs argues that the alteration of the jury instruction undermined the credibility of his lawyer, because his lawyer had referred to the original instruction during closing argument. "Under the law of this circuit, the necessity, extent and character of additional instructions are matters within the sound discretion of the trial court." *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir. 1999) (alteration and internal quotation marks omitted), *overruled on other grounds as recognized by United States v. Pineda-Moreno*, 688 F.3d 1087, 1091 (9th Cir. 2012). Here, defense counsel himself used both conjunctive and disjunctive formulations in referring to the instruction during his argument, so it is unclear how the revision might have implied to the jury that Isaacs misled it as to the applicable law. Further, both before the district court and on appeal, Isaacs has argued only that the district court should have affirmed to the jury that the erroneous instruction was correct; however, this proposed remedy disregards the district court's "obligation, when a jury requests clarification on an issue, to 'clear away the confusion with concrete accuracy.'" *Id.* at 1130 (some internal quotation marks omitted) (quoting *United States v. McCall*, 592 F.2d 1066, 1068 (9th Cir. 1979) (per curiam)). The district court did not abuse its discretion in correcting its statement of the law to the jury.

Isaacs also argues that the district court erred in sustaining objections by the government during his closing argument, which were made on the ground that Isaacs was referring to facts not in evidence. "[A] district court's limitation on a closing argument is reviewed for an abuse of discretion." *United States v. Lazarenko*, 564 F.3d 1026, 1043 (9th Cir. 2009). Many of these objections were made in response to Isaacs' references to matters of popular knowledge. Even so, "[t]he trial court did not abuse its discretion in requiring counsel to confine his remarks to the record." *United States v. Spillone*, 879 F.2d 514, 518 (9th Cir. 1989).

Isaacs further challenges the district court's exclusion of his proposed opinion testimony. We review for abuse of discretion the district court's determinations as to both expert and lay opinion testimony. *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1057-58 (9th Cir. 2008). The district court did not abuse its discretion in excluding Isaacs' proposed expert testimony about artistic value, because its "application of the expert-testimony standard was logical, plausible, and supported by inferences that may be drawn from the record." *Redlightning*, 624 F.3d at 1111 (citing Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)). Isaacs is likewise unable to show that the

4

district court abused its discretion by limiting his lay testimony where, as here, he makes no showing that the excluded testimony would have been "helpful . . . to determining" whether the works were obscene.  *See* Fed. R. Evid. 701.

Finally, Isaacs argues that the district court should not have permitted an FBI agent to sit with a computer at government counsel's table and perform searches of publicly available information during voir dire.  Isaacs concedes that his claim has no basis in existing law, and we see no reason to conclude that the district court's actions during voir dire constituted an abuse of discretion.  *See United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002).

The final judgment of the district court is **AFFIRMED**.